## ARCHER *v.* WALKER, ADM'R.

CONTRACT.—*Partnership.*—A. and B., bankers and partners, to enable the firm to draw sight drafts on New York for current exchange, borrowed from B. a number of United States bonds, and deposited them in New York as collateral security against overdrafts, the firm stipulating in writing that said bonds were "to be returned or accounted for to B." The bonds were stolen from the bailee in New York.

*Held,* that the firm was liable to B. for the loss.

APPEAL from the Vanderburg Common Pleas.

PETTIT, J.—This was an action by the appellant against the appellee, upon an agreed state of facts, under the statute.

The substance of the agreed state of facts is as follows:

In the early part of the year 1867, Archer and Roche became partners, under the name of Archer & Co., and opened a banking house in Evansville, and being short of capital, in order to enable the firm to draw sight drafts on New York for current exchange, an arrangement was made with the Ocean Bank, in that city, to deposit with said bank ten thousand dollars of 5-20 U. S. Bonds, against which said firm would be permitted to overdraw their account, say ninety per cent. of the par value of the bonds.

Archer, being the owner of the required amount of bonds, without compensation or reward, agreed to let the firm have them, and thereupon delivered the same to his partner, who, in the name of the firm, executed the following instrument:

"Received, Evansville, February 5th, 1867, of Samuel M. Archer, ten thousand dollars U. S. 5-20 Bonds, viz.: November 1st, 1864, Nos. 15,538, 15,539, 15,540, 15,541, 15,-542; November 1st, 1865, Nos. 124,223, 124,224, 124,225, 125,330, and 125,332, one thousand dollars each; to be placed in New York as collateral security against overdrafts, and to be returned or accounted for to the said Samuel M. Archer. ARCHER & Co."

And thereupon said Roche transmitted said bonds to the cashier of said Ocean Bank, who continued to hold the same, for the purpose above mentioned, until June, 1869,

when the same were stolen from said bank by burglars, and wholly lost.

During the time the bonds were held by the Ocean Bank, the firm of .Archer & Co. frequently overdrew their account, in pursuance of their agreement, but at the time the bonds were stolen, said account was not overdrawn.

The market value of the bonds when stolen, with interest, was twelve thousand dollars, and this action is to establish a claim for a balance of some three thousand nine hundred dollars, due from the estate of Roche to Archer, upon settlement of the partnership accounts; and it is agreed that if Archer & Co. are liable to Archer for the value of the bonds, then the balance claimed ought to be allowed. But if the loss must fall upon Archer alone, then this claim must be disallowed.

The court below ruled that Archer & Co. were not liable to Archer, and found for the defendant, to which the plaintiff excepted; the court, overruling a motion for a new trial, assigning for cause that the finding of the court is contrary to law and evidence, rendered final judgment for the defendant; and thereupon the plaintiff excepted and prayed an appeal.

The errors are, first, that the court found for the defendant, instead of the plaintiff; second, the court overruled the motion for a new trial, instead of sustaining it; third, the court rendered final judgment for the defendant, instead of the plaintiff.

The only question for the consideration of the court is, upon whom shall the loss of the bonds fall?

This case is in no wise different from the following:

Archer & Co. are bankers in the city of Evansville, Indiana, and finding it necessary or expedient for them to have a deposit of collateral security in the Ocean Bank in New York city, to make that bank secure for any overdrafts above their cash deposits, meet and say to Mr. John Smith, you have ten thousand dollars in U. S. bonds, drawing interest; and if you will let us have them for deposit in that bank for

the purpose aforesaid; we will return them or account to you for them. Mr. Smith hands over the bonds to Archer & Co., by whom they are sent to New York and deposited to their credit, and on which they trade and draw drafts for two years, at the end of which time the Ocean Bank is robbed of the bonds. No sophistry, garbled law, or logic can make us believe that Archer & Co. are not liable to Smith for the value of the bonds.

The judgment is reversed, at the costs of the appellee, with instructions to the court below to render judgment for the plaintiff on the agreed state of facts.

*A. Iglehart* and *J. E. Iglehart*, for appellant.

*B. Hynes* and *A. Dyer*, for appellee.