[No. 18442.   Department One.—July 31, 1895.]

## FRANCIS W. FRATT, APPELLANT, v. EMMA L. HUNT, EXECUTRIX, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS — GUARANTY OF LEASE — ALLOWED CLAIM FOR RENT—ACTION—DEMURRER.—Where a claim presented against the estate of a decedent, as the guarantor of the faithful performance of the covenants of a lease, was approved by the executrix for rent due and to become due under the lease, no cause of action could arise or be based upon the lease in respect of rent due or to become due, and that portion of a complaint in which it is sought to recover a judgment for rents against the estate is subject to a general demurrer.

ID.—COVENANT TO RETURN PROPERTY IN GOOD CONDITION — PREMATURE ACTION.—Where the lessee of a hotel with furniture, fixtures, and bedding covenanted to return the property leased in as good condition as when leased, an action by the lessor against the guarantor of the lease to recover a sum of money as damages for broken panes of glass and an additional sum of money as damages for injury to the personal property leased, brought prior to the expiration of the lease, is premature; and no cause of action for a breach of the covenant to return the property in good condition could arise until the time came for a return of the property.

ID.—DAMAGE TO PROPERTY DESTROYED—MATURITY OF CAUSE OF ACTION —PRESENTATION OF CLAIM—PLEADING.—A claim of damages against the guarantor, for personal property destroyed and lost by the lessee, arises at the date of the destruction of the property regardless of the time of the expiration of the lease, the lessee having placed it out of his power to return the destroyed property at the expiration of the lease and became liable immediately upon its destruction; but where the complaint for such damages does not show either that the claim for damages for the destruction of the property was presented against the estate of the deceased guarantor, or that the breach of the contract was made subsequent to the presentation and rejection of a contingent claim for damages to the personal property leased, the complaint does not state a cause of action to recover such damages, nor show a present liability of the guarantor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Holl & Dunn,* for Appellant.

The original action was properly commenced, so far, at least, as the rent then due was concerned, and thereby the court acquired jurisdiction to determine the whole matter involved in that suit. (*Monreal* v. *Bush,* 46 Cal. 79; *Pond* v. *Davenport,* 45 Cal. 225; Code Civ. Proc., sec. 1500.) The action, so far as the claim for damages for loss and injury to the personal property was concerned, was properly commenced, as the plaintiff was not permitted to divide or split up his claim and bring several actions. (Code Civ. Proc., 728, 1498; *Marziou* v. *Pioche,* 8 Cal. 536; *Grain* v. *Aldrich,* 38 Cal. 514; 99 Am. Dec. 423; *Agard* v. *Valencia,* 39 Cal. 292; *Thomas* v. *Rock Island etc. Co.,* 54 Cal. 578; *De la Guerra* v. *Newhall,* 53 Cal. 141; *Bostwick* v. *McEvoy,* 62 Cal. 496; *Wolf* v. *Marsh,* 54 Cal. 232; Bishop on Contracts, sec. 690.) The demurrer is general, and a cause of action being stated, the demurrer must be overruled. (*McPherson* v. *Weston,* 64 Cal. 275; *White* v. *Lyons,* 42 Cal. 279; *Grain* v. *Aldrich, supra; Cassidy* v. *Cassidy,* 63 Cal. 352; *Griffiths* v. *Henderson,* 49 Cal. 566; *Spanagel* v. *Reay,* 47 Cal. 608; *Cox* v. *Western Pac. R. R. Co.,* 47 Cal. 87.)

*Mastick, Belcher & Mastick,* for Respondent.

The complaint states no cause of action upon the covenants in the lease. (*Chipman* v. *Emeric,* 5 Cal. 49; 63 Am. Dec. 80; *Lawrence* v. *Knight,* 11 Cal. 298; *Hestres* v. *Brennan,* 37 Cal. 385; *Doyle* v. *Phœnix Ins. Co.,* 44 Cal. 264; *Parnell* v. *Hancock,* 48 Cal. 452; *Wittenbrock* v. *Bellmer,* 57 Cal. 12; *Harmon* v. *Ashmead,* 60 Cal. 439; *Morgan* v. *Menzies,* 65 Cal. 243.) No liability on the part of the guarantor could attach until the time for performance of the covenants had arrived. (*Donahue* v. *Gift,* 7 Cal. 242; Code Civ. Proc., secs. 1498, 1504, 1582; *Verdier* v. *Roach,* 96 Cal. 467.) The complaint alleges no facts which would constitute a cause of action even against the lessee. (*Robinson* v. *Exempt Fire Co.,* 103 Cal. 1; 42 Am. St. Rep. 93.)

Garoutte, J.—Francis W. Fratt, as the owner of certain hotel property situated in the city of Sacramento, leased the same, including furniture, etc., to one Sherwood for the term of five years, at a stipulated rental per month. This contract of lease contains the following provision: "And it is agreed by the party of the second part that, at the expiration of said term, or the sooner termination thereof, he will return to the party of the first part all the furniture, fixtures, bedding, gas fixtures, and all other articles described in said inventory A, according to the inventory therein mentioned, in as good condition as said articles now are. Any window glass that may be broken must be replaced by said second party, with glass of equal quality, at his expense, and at the expiration of said term the said party of the second part will quit and surrender the said premises in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted." Inventory "A" contained a statement in detail of the personal property aforesaid.

Hunt, the defendant's testator, in writing, guaranteed the faithful performance of the covenants of the lease upon the part of Sherwood. Prior to the expiration of the five-year term, Hunt, the guarantor, died, and thereupon Fratt presented a claim to the defendant as executrix of his estate, for: 1. Balance due for rent already accrued; 2. Amount of rent hereafter to become due prior to the expiration of the lease; 3. A contingent liability, to wit, "For any damage claimant may sustain by reason of any injury which may be done to any of the personal property described in said inventory or schedule B, hereto attached, and also for any damage which claimant may sustain by reason of the nondelivery or return to him of any of the property described in said schedule B, but the amount of such damage this claimant is at this time unable to state." The aforesaid claim set out the guaranty of Hunt and the facts in detail concerning the transaction. Both the absolute and contingent claim for rent were allowed by the exec-

utrix, but the contingent claim for damages for loss and injury to furniture, etc., was rejected. Thereupon this action was brought upon the claim as presented, and a general demurrer to the complaint was interposed, and sustained by the trial court. The sole purpose of this appeal appears to be to test the ruling of the court in sustaining that demurrer.

In so far as the claim was for rent due and to become due it was approved by the executrix; hence, no cause of action could be based upon it in those particulars; and that portion of the complaint wherein it is sought to recover a judgment for rents was clearly susceptible to a general demurrer. Plaintiff also sued to recover a sum of money as damages for broken panes of glass, but, inasmuch as Sherwood agreed to replace all such glass upon the expiration of the lease, an action for such damage prior to that time was clearly premature. The complaint contains the following allegation: "Plaintiff alleges that, before the filing of the complaint to which this is amendatory, the said T. J. Sherwood had carelessly and negligently permitted a large amount of personal property, furniture, and fixtures leased with said hotel, and described in exhibit B, attached to said complaint, to become utterly lost and destroyed; that said personal property, furniture, and fixtures, so lost and destroyed, was, at the time of said loss and destruction, of the value of $1,000, as this plaintiff is informed and believes; that, by reason of said loss and destruction of said personal property, this plaintiff was damaged in the sum of $1,000, as he is informed and believes. The plaintiff further alleges that the personal property, furniture, and fixtures described in said exhibit B, which was at the date of filing said complaint and still is in the said Union Hotel, and which consists of all of said personal property, furniture, and fixtures in said exhibit described, except such as has been lost or destroyed as aforesaid, was during the continuance of said lease, and while the same was in the possession of said T. J. Sherwood, by his carelessness and negligence greatly injur

and damaged; that is to say, the same was damaged and injured to the extent of $2,174.45." It is upon these two allegations of the complaint that plaintiff must rest his cause of action, if the pleading states one, and our consideration will now be addressed to their sufficiency.

The claim presented to the executrix, upon which the allegations of the complaint just quoted are based, is in its nature essentially a contingent claim. Section 1498 of the Code of Civil Procedure declares when actions must be brought upon claims due and claims not due at the date of rejection. The claim here presented cannot be classed in either category, and the declaration of this principle finds full support in the case of *Verdier* v. *Roach*, 96 Cal. 474. We find no other provision in the statute prescribing the time within which suit must be brought upon rejected claims; hence, as to rejected contingent claims, the matter may be said to be enveloped in some doubt. As was said in *Verdier* v. *Roach, supra:* " The allowance of such a claim would have admitted and established the validity of the obligation, and would have entitled it to be filed in court," etc. And, while it is possible that an action upon a rejected contingent claim may be brought to secure a judgment, giving the claim the same status as would come to it by its allowance, still we find upon examination of the complaint in this case, and especially of the allegations previously quoted, that no such judgment is here sought, but a money judgment for damages pure and simple is asked for. These allegations of the complaint have a twofold character. They lay a claim for damages in the sum of $1,000 for furniture, etc., lost and destroyed by the lessee, and also a claim of $2,174.45 for furniture, etc., injured and damaged. As to the damage for injury to the personal property leased by plaintiff, we are clear that any action for such damages will be premature until the expiration of the lease term. The lessor under his contract agreed to return this personal property " in as good condition as said articles now are," and no cause of action for a breach of that covenant

could arise until the time came for a return of the prop-
erty.   The mere fact that it was injured and damaged
at some time during the life of the lease would not show
that it could not be returned subsequently in substan-
tially its original condition.   It would not show but that
repairs would place it in the same condition as when
leased.   As to the claim of $1,000 for property destroyed
and lost, it must be assumed that such property not only
was placed beyond repair, but could not be returned,
and, such being the fact, it may be conceded, for pres-
ent purposes, that a cause of action in damages for its
loss would arise at the date of its destruction, regard-
less of the time of the expiration of the lease; for, even
though the lessee's stated time for performance had not
yet arrived, if he voluntarily placed it out of his power
to perform he committed a breach of the contract and
was liable at once.   It may also be conceded that the
covenants of his contract as to returning this property
could not be satisfied by a return of other property of
a similar kind and character.   But for other reasons we
think this claim of $1,000 for damages does not state
a cause of action, and those reasons also furnish addi-
tional grounds for defeating the plaintiff's claim of dam-
ages for property injured and damaged.

The allegation of the complaint in this regard is that,
"before the filing of the complaint to which this is
amendatory, the said T. J. Sherwood had carelessly and
negligently permitted a large amount of personal prop-
erty," etc.   It will be observed that the claim presented
and rejected was a contingent claim.   No damages were
alleged, and no allowance for damages asked.   The com-
plaint, as we see, asks for damages.   Upon such a state
of facts it is necessary to the statement of a cause of
action that an allegation be found therein that such dam-
ages arose from a breach of the contract occurring since
the presentation and rejection of the contingent claim.
No claim for damages was presented to the executrix of
the estate.   She had no opportunity to allow such a claim,
and necessarily rejected no such claim.   No such claim

ever being presented and rejected, no action for damages upon a claim of that character will lie, for its presentation and rejection were conditions precedent to the bringing of an action. . An allegation of the character suggested would seem to be as necessary to a complaint in this class of actions as an allegation showing that the breach of the contract occurred during the life of the guarantee. The complaint upon its face must show a present liability of the guarantor. It must show a presentation and rejection of the claim upon which the action is brought or a legal reason excusing such presentation and rejection. This the complaint does not do. If a complaint showed an action against an administrator or executor upon a claim against a decedent, without alleging its presentation and rejection, no cause of action would be stated, and in this case there is no cause of action stated against defendant, inasmuch as there is no allegation that this breach of contract was made subsequent to the presentation and rejection of the contingent claim. An allegation in the one case is no more important than in the other.

For the foregoing reasons the judgment is affirmed.

McFarland, J., and Harrison, J., concurred.