COMMERCIAL ELECTRICAL SUPPLY COMPANY, Respondent, v. MISSOURI COMMISSION COMPANY, Appellant.

St. Louis Court of Appeals, July 2, 1912.

1. BAILMENTS: For Mutual Benefit: Liability of Bailee. Where a bailment is for mutual benefit, the bailee is bound to exercise only ordinary care to keep the property safely and return it when the time of the bailment has expired, and is not responsible for any injury occurring without his fault; but such liability may be enlarged by special contract, even to the extent of securing the bailor against any loss whatever.

2. ————: ————: ————: Contract Extending Liability: Rules of Construction. Bailees are not presumed to have become liable as insurers, and hence a special contract fixing their liability should not be extended beyond its obvious scope.

3. ————: ————: ————: ————: Contract Construed. The hirer of a motor, who, by the contract of hiring, agreed to be responsible for any damage thereto, barring ordinary wear and tear, and to return it in as good condition as when received, was

liable for its destruction by fire, in the absence of a showing that the motor itself caused the fire and hence that this was a peril unavoidably incident to its use, since the parties, by excepting damage from ordinary wear and tear, impliedly indicated that the comprehensive language used should be given full effect as to all other contingencies, and the term "damage" was broad enough to include *destruction* by fire.

4. ———: ———: ———: ———: **Consideration.** The absence of a special consideration for an agreement by a bailee to be responsible for all damages to the property is immaterial, except as bearing upon the question of intent; the bailment itself being a sufficient consideration for such agreement.

5. **CONTRACTS: Rules for Construction.** The rule that all doubts and ambiguities in a contract should be determined against the party preparing it is not very important and should be resorted to only when all other means of construction fail, especially where the other party signed the contract and caused some changes to be made therein.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Judson & Green* for appellant.

(1) The contract being upon a printed form prepared by plaintiff, all ambiguities—all doubts—therein must be determined in favor of defendant. Surety Co. v. Pauley, 170 U. S. 133; Dezell v. Casualty Co., 176 Mo. 253; Hurley v. Co., 95 Mo. App. 88; Hoffman v. Indemnity Co., 56 Mo. App. 301; Seevers v. Gable, 27 L. R. A. 735. (2) A bailee of a chattel is not ordinarily responsible for the destruction of a bailed chattel by fire unless he has failed to use ordinary care for its preservation. 3 Am. and Eng. Ency. Law (2 Ed.), pp. 746, 747; Story on Bailments, secs. 408, 410; McEvers v. Sangamon, 22 Mo. 187. (3) The particular language in this contract is not sufficient to enlarge or extend the liability of defendant for said motor beyond that of an ordinary bailee at common law. 2 Blackstone's Commentaries, p. 452; McEvers

v. Sangamon, 22 Mo. 187; Whitehead v. Vanderbilt, 10 Daly (N. Y.) 214; Coal Co. v. Jones & Adams, 134 Fed. 711; Lake Michigan v. Crosby, 107 Fed. 723; Seevers v. Gable, 27 L. R. A. (Iowa) 733; Young v. Bruce, 5 Lit. (Ky.) 324; Harris v. Nicholas, 5 Munf. 483; Clough v. Meat Co., 112 Mo. App. 177; Link v. Hathaway, 127 S. W. 916. (4) The words, "It is distinctly understood that while the motor is in your possession you are to be responsible for any damage thereto," etc., do not make defendant an insurer of the safety of the motor. They only mean that defendant is responsible for any damage thereto which is caused by its failure to use ordinary care to protect it from injury, just as any other bailee would be, because they were written with reference to the relations which existed between the parties, i. e., those of bailor and bailee. 2 Blackstone, p. 452; McEvers v. Sangamon, 22 Mo. 190; Whitehead v. Vanderbilt, 10 Daly (N. Y.) 214; Coal Co. v. Jones & Adams, 134 Fed. 711; Lake Michigan Co. v. Crosby, 107 Fed. 723; Seevers v. Gable, 27 L. R. A. 734.

*Fagin & Kane* and *Johnson, Houts, Marlatt & Hawes* for respondent.

(1) A bailee may, by agreement, enlarge his common law liability so as to become an insurer of the property bailed against any or all perils to which the thing bailed will be exposed. When a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good notwithstanding any accident, because he might have provided against it by his contract. Grady v. Schweinler, 14 L. R. A. (N. S.) 1089; Sturm v. Boker, 150 U. S. 312; Reinstein v. Watts, 84 Me. 139; Story on Bailments (9 Ed.), secs. 35, 36; Schouler's Bailments, secs. 20, 106, 155; Railroad v. Pullman Co., 139 U. S. 79; Peper v. Mfg. Co., 146 Mo. App. 187; Gathwright v. Calloway Co., 10

Mo. 663.  (2)  The authorities are unanimous in hold-ing that this question is one of interpretation of the particular contract as to when the bailee is liable for accidental destruction of the property.  Link v. Hath-away, 143 Mo. App. 502; Jaminet v. Storage Co., 109 Mo. App. 257; McEvers v. Sangamon, 22 Mo. 187.  (3) The words, "it is distinctly understood that while the motor is in your possession you are responsible for any damage thereto, baring ordinary wear and tear," are sufficient to enlarge the bailee's common law lia-bility so as to cover the damage to the motor in the case at bar.  Gathwright v. Calloway Co., 10 Mo. 663; Peper v. Mfg. Co., 146 Mo. App. 187; Drake v. White, 117 Mass. 10; Harvey v. Murray, 136 Mass. 377; Archer v. Walker, 38 Ind. 472; Cash Reg. Co. v. Cal-lias, 84 N. Y. Supp. 166; Rapid, etc., Co. v. Mfg. Co., 75 N. Y. Supp. 1008, 75 App. Div. 643; Phillips v. Stevens, 16 Mass. 238.  (4)  If the contract had been silent on this point of liability for damage to the bailed goods, the rule cited by appellant might possibly ap-ply.  This contract, by its express terms, takes the case out of the ordinary bailment liability.  Effect must be given to the clause which fixes a definite re-sponsibility for any damage barring ordinary wear and tear.  See cases cited above.

CAULFIELD, J.—The plaintiff hired a piece of machinery, i. e., a motor to the defendant at twenty-five dollars a month.  The contract of hiring was con-tained in a letter addressed by the plaintiff to the de-fendant and accepted by the latter, and contained pro-visions as follows: "It is distinctly understood that while the motor is in your possession you (the defend-ant) are responsible for any damage thereto, barring ordinary wear and tear, and that after you have no further use for same, you will return said motor in as good condition as when received, barring ordinary wear and tear."

While the motor was in the possession of the defendant under said contract, it was destroyed by a fire which occurred on the defendant's premises without negligence on the part of the defendant. The suit is brought for the value of the motor, $385. The plaintiff had judgment in the trial court and the defendant has appealed. The facts as above stated were agreed upon at the trial and the only question is whether under such facts the judgment in favor of the plaintiff can be sustained.

This being an ordinary bailment for mutual benefit, if there was no special contract enlarging the defendant's risks as bailee, the law bound it to exercise only ordinary care and diligence to keep the property safely and to return it when the time of the hiring had expired. It did not hold the defendant responsible for an injury occurring without its fault. [McEvers v. Steamboat Sangamon, 22 Mo. 187; Grady v. Schweinler, 14 L. R. A. (N. S.) 1089.] But the defendant could, by special contract, enlarge its liability, even to the extent of securing the plaintiff against all loss whatever. The question here is, did the parties intend that the contract before us should have that effect. The particular language in question is: "It is distinctly understood that while the motor is in your possesssion you are responsible for any damage thereto, barring ordinary wear and tear." Bailees are not to be presumed to have become liable as insurers and we should not expound this language unfavorably to the bailee, beyond its obvious scope. [3 Am. and Eng. Ency. Law (2 Ed.), p. 750.] But this does not mean that we must distort or ignore the language used by the parties; on the contrary it is our duty to give it effect as showing their intention unless there is something in the nature of the subject-matter or otherwise to indicate a different one. If the words used here are given effect as they must be, we are unable to see how defendant can escape liability for damage by

fire to the motor while in its possession, for the con-
tract expressly provided that he shall be responsible
for *any damage, barring ordinary wear and tear.* The
fact that the parties expressly excepted "ordinary
wear and tear" from the damage for which the de-
fendant was to be responsible indicates that they re-
alized that the words "any damage" were broad
enough to include every kind of damage, even ordi-
nary wear and tear, unless expressly excepted; for if
the words "any damage" had been intended to mean
only damage resulting from defendant's negligence, it
would have been entirely unnecessary to except ordi-
nary wear and tear, which could not possibly be
ascribed to such negligence. And it may be assumed
that by recognizing the necessity for the stating of
exceptions, and yet stating only one, the parties indi-
cated that the comprehensive language used should
otherwise be given its full effect. There is no reason
for holding otherwise. As was said in Rapid Safety
Fire Ex. Co. v. Hay-Budden Mfg. Co., 75 N. Y. Supp.
1008, a case very much like this: "The contract is not
contrary to public policy; it is not even unreasonable
or unfair. There are many reasons why the party
who had the custody of the bailed goods, and the con-
trol of the premises on which they are kept, should be
liable for loss in a case where no fault is proved
against any one, rather than that such liability should
be placed upon the party who had no control of the
goods, and does not even have equal advantages for
ascertaining all the facts relating to their destruction.
At any rate, in this case the minds of the parties spe-
cifically met, in a lawful contract, upon the very event
that has occurred, viz., the destruction of the property
in question, and we see no reason why the agreement
should not be enforced."

Precedents are of little value in construing such
contracts as this because so much depends upon the

166 Mo. App.—22

terms of the particular contract in question, the nature of the subject-matter, etc.; but the following are cited in addition to that last above-mentioned, as tending to support our construction of this contract: Peper v. Brass Mfg. Co., 146 Mo. App. 187, 123 S. W. 1012; Drake v. White, 117 Mass. 10; Archer v. Walker, 38 Ind. 472. The defendant cites us to the following cases as justifying a contrary construction: McEvers v. Steamboat Sangamon, 22 Mo. 187; Whitehead v. Vanderbilt, 10 Daly (N. Y.) 214; Seevers v. Gabel, 27 L. R. A. 733 (Iowa); Young v. Bruces, 5 Lit. (Ky.) 324; Harris v. Nicholas, 5 Munf. 483; Lake Michigan Car Ferry Transp. Co. v. Crosby, 107 Fed. Rep. 723; Clough v. Stillwell Meat Co., 112 Mo. App. 177, 190, 86 S. W. 580. These cases, however, in so far as they bear on the question at all, merely declare that a bailee is excused from his special contract to return the bailed property in good condition if the property perishes or is destroyed without his fault. There are different reasons given in these cases, but they all resolve themselves into the one that under the circumstances the parties must have intended that the bailee should be so excused. Thus, it is said that as the contract is to return a particular specific thing, the parties must from the beginning have known that it could not be fulfilled unless when the time arrived for such fulfillment the thing continued to exist, and when entering into the contract must have contemplated such continued existence as the foundation of. what was to be done. Therefore such a contract is to be construed as subject to an implied condition that the parties shall be excused in case before breach the contract becomes impossible from the perishing of the thing without the default of the contractor. [Leake on Contracts (5 Ed.), p. 494. See, also, Clough v. Stillwell Meat Co., supra; Whitehead v. Vanderbilt, supra.] The last mentioned case also rested on the ground that performance of a contract is excused

where it becomes impossible by the act of God. Mc-
Evers v. Steamboat Sangamon, supra, would seem to
turn on the fact that the casualty by which the prop-
erty was lost was a peril incident to the nature of the
property and therefore could not be taken to be in-
sured against by a mere covenant to return in good
condition. The court was also influenced in its deci-
sion by another part of the contract which threw light
on the part in question. This was also one of the
grounds for the decision in Whitehead v. Vanderbilt,
supra. In Seevers v. Gable, supra, it was held that
in the absence of a contract the law would imply a
promise upon the part of the bailee to return the prop-
erty at the expiration of the term in as good condition
as when received, ordinary wear and tear excepted,
and that the bailee's liability was not enlarged by ex-
pressing in the contract just what the law would have
implied. To the same general effect is Lake Mich-
igan, etc. Co. v. Crosby, supra. In the said case of
Seevers v. Gable, supra, it is also mentioned that there
was no adequate consideration moving to the defend-
ants as insurers of the property; that the use and the
rent were equivalent. It also involved the proposi-
tion that intervening impossibility to perform releases
from the obligation to perform. The opinions in the
other cases mentioned do not contain any discussion
of principles for our guidance.

Now, it is apparent that none of the foregoing
cases is applicable to the case at bar. The obliga-
tion here is not merely to "return said motor in as
good condition as when received, barring ordinary
wear and tear," though that obligation is contained
in the contract. Over and above that "it is distinctly
understood" that while the motor is in its possession,
the bailee is "responsible for any damage thereto bar-
ring ordinary wear and tear." Here, there is no im-
plied condition of the continued existence of the prop-
erty, but there is an express provision as to liability

in the event of its destruction, for "damage" is broad enough to include "destruction." There is no obligation which has become impossible to perform; the thing which has occurred, damage to the property, is the very thing which makes plaintiff's cause of action complete. It is not an obligation which the law would imply; the law would imply responsibility only for damage due to defendant's negligence, while defendant has distinctly agreed to be liable for "any damage" barring only ordinary wear and tear. We take it also that the fire which destroyed this property was not a peril incident to the nature of the property, as was the action of the ice in McEvers v. Steamboat Sangamon, supra. If the fire had been due to the friction of the motor, or other like cause, unavoidably incident to the use, it might be considered such a peril, but it was not that; it was, according to the agreed facts, merely a fire "which occurred on defendant's premises." As to there being any special consideration for the special contract to be responsible for any damage to the motor, the statement of facts is silent. However, we do not deem that matter material, except as bearing on the question of intent. The bailment transaction itself was a sufficient consideration for such an obligation.

Defendant also cites the case of Fairmont Coal Co. v. Jones & Adams Co., 134 Fed. Rep. 711, but that case can be of no assistance to us here because the court based its construction of the language there employed upon other provisions of the contract; provisions which are absent here. The case of Link v. Hathway, 143 Mo. App. 502, 127 S. W. 913, so far as this matter is concerned, turned on a question of fact as to what the agreement was, and not of law, and of course can be of no aid to us in this case. Nor do we believe that cases are in point where property is bailed for hire to a party who is to do something with it for the bailor, like transporting it, and the bailee agrees

to do such thing safely, for there, as suggested by Judge GOODE in Jaminet v. Storage & Moving Co., 109 Mo. App. 257, 84 S. W. 128, the agreement may be said to refer to the manner of doing the thing rather than the result, and it may well be said that the bailee performs such a contract when he does it in a manner which ordinarily prudent. and careful persons would deem safe, though the bailed property be otherwise lost or destroyed. The obligation of the defendant here referred not to the manner of his using or keeping the motor but to what he would do if it received "any damage." His obligation is absolute and without exception except as to ordinary wear and tear and there is no reasonable excuse for importing any exception into it.

The defendant also suggests that the contract being on a form prepared by the plaintiff, "all ambiguities—all doubts—therein must be determined in favor of defendant." The rule thus sought to be invoked is not very important, and is resorted to only when all other means fail. It is still further weakened in this case by the fact that the defendant signed the agreement also and even caused some changes to be made therein, thereby to a considerable, if not entire, extent becoming privy to the speech of the plaintiff. [Bishop on Contracts, sec. 414.] We do not think there is still such a doubt as to the proper construction of the contract that this rule can be of service here.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.