[Civ. No. 1557. First Appellate District.—January 28, 1916.]

## JACOB ALEXANDER et al., Copartners, Appellants, v. CHARLES STONE et al., Copartners, Respondents.

SALE—WHEN NOT BY SAMPLE.—Where an order for goods was given after an examination or an opportunity to examine, and the purchaser then and there paid part of the purchase price and an arrangement was entered into between him and the seller fixing a time for the payment of the balance and the shipment of the goods, it cannot be held that the sale was by sample, although the sellers, at the request of the purchaser, sent samples of the goods to the firm of the purchaser, this being apparently done in order that the latter might solicit orders from the customers of suits and cloaks to be cut up from the cloth from which the samples were taken when the cloth should arrive.

ID.—OPPORTUNITY TO EXAMINE GOODS—IMPLIED WARRANTY.—Where the purchaser had an opportunity to examine the goods in such a case, there was no implied warranty as to the quality, even if the repre-

sentative of the buyers failed to take advantage of the opportunity for examination given him.

ID.—EXPRESS WARRANTY.—Where both buyer and seller of goods, by reason of their occupation, have expert knowledge of the kinds of goods in question, an expression of the latter at the time of the sale that the goods are first class is but the expression of an opinion, or what is termed "puffing," and not an express warranty of quality.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

Henry A. Jacobs, for Appellants.

James W. Cochrane, for Respondents.

THE COURT.—This is an appeal by plaintiffs from a judgment in favor of defendants on their cross-complaint.

In the early part of the year 1911 Max Lewis, one of the members of the defendant concern, went from San Francisco to Chicago and purchased from the plaintiffs 21 bolts of certain varieties of woolen goods, and agreed upon the terms of the sale.

The evidence in the case does not sustain the finding of the court that the sale was by sample. The order for the goods was given by Lewis after an examination or an opportunity to examine them, and Lewis then and there paid part of the purchase price, and an arrangement was entered into between him and the plaintiffs fixing the times of payment of the balance, and of the shipment of the goods. True, the plaintiffs at the request of Lewis sent samples of the goods to the defendants in San Francisco, but apparently those were sent in order that the latter might solicit orders from their customers for suits and cloaks, to be made up from the cloth from which the samples were taken when the cloth should arrive. It is plain that they were not sent to enable the defendants to make purchases by sample, for, as just stated, the purchase had already been made and completed.

The authorities sustain this position. (35 Cyc. 223; Civ. Code, sec. 1766; 15 Am. & Eng. Ency. of Law, 1218, 1221.) The defendants, through their representative, as the evidence

clearly shows, having had an opportunity to examine the goods, there was no implied warranty as to the quality, even if the representative of the buyers failed to take advantage of the opportunity for examination given him.    (15 Am. & Eng. Ency. of Law, 1218, 1221; Civ. Code, sec. 1771.)

Nor can the judgment be sustained upon the theory that there was an express warranty as to the character of the goods.   Plaintiffs introduced evidence tending to show that they were first class, and defendants presented evidence tending to contradict this, and this evidence is the nearest approach to anything in the record upon which it can be contended that the plaintiffs at the time of the sale represented the goods to be first class.   Assuming, for the sake of argument, that this may be considered as some evidence to that effect, still it could not be held to amount to an express warranty.   It amounts to no more than what is termed "puffing," or an expression of opinion or judgment.   Both parties, by reason of their occupation, had expert knowledge of the kinds of cloth in question, and the expression by the plaintiffs at the time of the sale—if we can assume it was made—must be considered a mere relative term and not a representation of a fact upon which the defendants relied—in which event only could it be considered an express warranty as to quality.   (35 Cyc. 381, 383.)

There was no claim, nor was the case tried on the theory, that the samples sent to the defendants were not taken from the goods shipped, or that there was a substitution of the goods shipped for those inspected and purchased; and it is also a significant fact in the case that without inspection the defendants refused to accept the first shipment of goods, which were sent by express, payable cash on delivery, and did not repudiate the entire sale until later, when they received and examined a shipment of goods by freight.

The judgment is reversed.