[Civ. No. 3221. First Appellate District, Division Two.—May 22, 1920.]

COMMERCIAL ACETYLENE SUPPLY COMPANY (a Corporation), Respondent, v. E. FOX, Appellant.

[1] BAILMENTS — ENLARGEMENT OF BAILEE'S LIABILITY — AGREEMENT AND INTENTION OF PARTIES.—A contract enlarging a bailee's liability must be specific and in clear and unambiguous language; and, while it will not be extended beyond the obvious scope of its terms, it must be given effect as showing the intention of the parties.

[2] ID.—LOAN OF GAS CYLINDERS — DESTRUCTION BY FIRE — LIABILITY FOR DAMAGE—AGREEMENT OF BAILEE.—Where a contract, in the form of a letter from the seller of acetylene gas to the purchaser

47 Cal. App.—43

and the acceptance by the latter, contains a provision that the purchaser is "responsible for any damages" to any of the cylinders containing such gas while in the purchaser's possession, and such cylinders are almost totally destroyed by fire while in the latter's possession, he is liable in damages therefor, notwithstanding there was no negligence on his part.

[3] Id.—Responsibility for Damage—Consideration.—Where a seller of acetylene gas loans certain cylinders to a purchaser for a specified time without rent and the latter agrees to be responsible for any damage to the cylinders while they are in his possession, the bailment itself is a sufficient consideration for the obligation assumed by the purchaser.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. M. Rosenthal for Appellant.

Adams & Adams for Respondent.

NOURSE, J.—Judgment in the sum of $400 was rendered in favor of plaintiff and against defendant in this action, from which the latter appeals.

The action (which was tried on an agreed statement of facts) was for damage to four gas cylinders, of the value of $440, owned by plaintiff, and which were almost totally destroyed by fire while in the possession of defendant, without negligence on his part. Their value, when subsequently returned to the plaintiff, was but forty dollars. The cylinders contained acetylene gas sold by plaintiff to defendant upon a contract in the form of a letter addressed by plaintiff to defendant and accepted by the latter. It provided as follows:

"We acknowledge, with thanks, your order for one tank of acetylene, which we are shipping today via Southern Pacific freight. This cylinder is the property of this company and valued at $110. It is merely loaned you while you are using the gas contained therein. Refilling of same, except by us, or the reloaning of any cylinder without our written consent is prohibited. When empty they are to be returned to us at West Berkeley, via Southern Pacific freight, charges prepaid. You are also responsible for any

damages to any of our cylinders while they are in your possession or care, and we hold you responsible for same until they are received back at our plant. Any cylinders lost in transit to us are to be traced by you until located and if this cannot be done, you are to enter claim with railroad or express company for the value of the cylinders. We require this as our gas is sold f. o. b. West Berkeley, Cal. We reserve the right to charge rental on cylinders retained by you in excess of thirty days. The above is equally applicable to future orders for acetylene except that should you at any time receive different size cylinders the value of same will vary accordingly. Kindly sign and return duplicate of this agreement, sent you herewith.

"Yours very truly,

"COMMERCIAL ACETYLENE WELDING CO.

"(Signed)   A. R. CHANDLER.

"Accepted.

"(Signed)   MARKOVITS & FOX.

"E. Fox.   (Customer)"

The determination of this action resolves itself into a proper interpretation of the foregoing agreement. It is conceded that a bailee may by a special contract assume the liability of an insurer. The question here is whether this agreement met the requirements necessary for such a contract so as to make the bailee liable for damages occurring without his negligence.

Appellant argues that it enlarged his liability only in that it increased the degree of care to be exercised by him; that otherwise it merely expressed what the law would have implied in the absence of an agreement, and that, therefore, with the exception mentioned, his liability was the same— that is, the damage having occurred without negligence on his part, he was not liable.

[1] A contract enlarging a bailee's liability must be specific and in clear and unambiguous language; and while it will not be extended beyond the obvious scope of its terms, it must be given effect as showing the intention of the parties. [2] The provision: "You are responsible for any damages to any of our cylinders while they are in your possession or care" determines the nature of the contract and fixes appellant's ability. As the obligation to be responsible for *any* damages is not one which the law would

have implied—the law implying responsibility only for damage due to a bailee's negligence (*Commercial Elec. Sup. Co. v. Missouri Com. Co.*, 166 Mo. App. 332, [148 S. W. 995, 997])—it must be presumed that the purpose of including this clause in the agreement was to protect respondent from loss occurring under just such circumstances. It does not appear that the provision for tracing and making claim against the railroad company for lost cylinders is, when taken in connection with the entire agreement, sufficient indication of a contrary intention to nullify the effect of the definite agreement to be responsible for any damages while in appellant's possession. This provision is easily distinguishable from the provision of the contract in *Fairmont Coal Co. v. Jones & Adams Co.*, 134 Fed. 711, [67 C. C. A. 265], cited by appellant, holding that an agreement to be "responsible" for coal after delivery was not a contract of insurance.

[3] There is no merit in the point urged by appellant that there was no consideration to support this obligation. The bailment itself is a sufficient consideration for such an obligation. (*Commercial Elec. Sup. Co. v. Missouri Com. Co., supra.*) In addition to that, in this instance, the bailee was given the use of the cylinders for one month without rent.

For the foregoing reasons the judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.