[Civ. No. 6815. Second Appellate District, Division Two.—June 29, 1931.]

RAINBOW PETROLEUM COMPANY (a Corporation), Respondent, v. UNION DRILLING & PETROLEUM COMPANY (a Corporation), Appellant.

Newby & Newby and Dee Holder for Appellant.

William H. Cree and E. P. Mulholland for Respondent.

CRAIG, J.—In an action upon a contract in writing for the rental of personal property consisting of oil-well drill pipe, judgment was awarded the plaintiff, from which the defendant appealed.

It is admitted that the plaintiff and respondent rented and delivered to the appellant certain piping for drilling purposes, that the same was so used, and that with

slight exceptions it was returned to the lessor. By the terms of a written contract between the parties it was agreed that appellant should pay a *per diem* rental for use of the pipe, and that it would compensate respondent for any portions not returned. Upon the institution of this action for agreed rental and the value of missing pipe the defendant for the first time complained of defects alleged to have interfered with the success of its project and to have caused the loss of a portion of the pipe. Such defense was founded upon an asserted implied warranty by the bailor. It affirmatively appeared that in drawing the pipe from great depth it parted, leaving the lost section in the ground. It was second-hand pipe, which had theretofore been used in various wells, of which the hirer was informed. A representative of the latter called at respondent's premises to inspect the pipe, and according to the testimony was advised that little was known as to its condition except as to the use to which it had been devoted, and that "if they wanted to rent it, it was up to them"; that he should "take whatever pipe he wanted out of the pile". Said representative, the superintendent of appellant's drilling operations, testified: "I inspected it as carefully as I could; I threaded it, some places where it wasn't taking, and the collars were pretty thin, still weakened."

The respondent was not the manufacturer, and made no representations as to quality equal to samples exhibited. A mere contract of sale does not imply a warranty. (Civ. Code, secs. 1764, 1766.) We think the instant case is controlled by those principles applied and supported by a wide range of authorities to the sale of an automobile in *Lamb v. Otto*, 51 Cal. App. 433 [197 Pac. 147], wherein it was held that there is no implied warranty on the sale of second-hand machinery; that the buyer having purchased after an examination of the property will, in the absence of any representations by the seller, be held to have purchased entirely upon his own judgment. To the same effect is *Alexander v. Stone*, 29 Cal. App. 488 [156 Pac. 998]. At the signing of the contract here in question appellant agreed for a consideration, part of which was then paid, to hire and to pay for the use of five thousand feet of four-inch pipe, and upon the expiration or earlier termination of the agreement to return all thereof, or to pay at a specified rate for pipe

or equipment not so returned. We find no reversible error in the particulars asserted by appellant. ■ Argument as to the absence of negligence upon its part, in view of the contract mentioned, becomes immaterial.

The judgment is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 29, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 27, 1931.