[Civ. No. 8162. First Appellate District, Division Two.—February 19, 1932.]

E. H. LOOSE, Appellant, v. FRANK W. FLICKINGER et al., Respondents.

Henry Merton for Appellant.

Wilbert C. Hamilton for Respondents.

SPENCE, J.—Plaintiff brought this action seeking damages and the rescission of a contract to purchase 500 cases of dates. Defendants answered and filed a cross-complaint seeking damages for breach of the contract. The cause was tried by the court sitting without a jury and from a judgment in favor of defendants, plaintiff appeals.

The sale was negotiated by a Mr. Hatton, who had originally imported the dates from England and sold them to defendants. Mr. Hatton appears to have acted as a volunteer without compensation in the present transaction. He told plaintiff of these dates and after bringing him a sample, invited plaintiff to the cold-storage warehouse to inspect and examine them. Plaintiff went to the warehouse and examined some of the cases and three days later entered into a written contract with the defendants. The contract called for "five hundred (500) cases of 1927 crop 'Sayers'. Dates of T. G. & Co. Brand as per samples inspected at the Growers Cold Storage Company". Pursuant to the contract the first 50 cases were delivered and paid for. Thereafter plaintiff, claiming the dates delivered to be of an inferior quality and "inferior in all respects to said samples", brought this action. Upon the trial plaintiff sought to show that the dates delivered were inferior to those originally exhibited to him by Mr. Hatton, but refused to state whether there was any difference between the dates delivered and those inspected at the warehouse. The trial court found that the dates were purchased by plaintiff as a result of the inspection of the dates at the warehouse and that plaintiff did not rely upon any alleged warranty upon the part of defendants.

Appellant's attack upon the trial court's findings and rulings upon evidence all center around appellant's contention that this was a sale made with reference to the original sample and that respondents thereby warranted the bulk to be equal to that sample. (Civ. Code, sec. 1766.) We

find no merit in appellant's contention. ■ In order to constitute a sale by sample so as to give rise to a warranty it must appear that the parties contracted solely with reference to the sample exhibited. (55 Cor. Jur. 416.) ■ Here, even though a sample was originally exhibited, appellant was given the opportunity to inspect the bulk and availed himself of that opportunity. In our opinion the evidence was ample to sustain the trial court's findings that the sale resulted from said inspection and not from reliance on any warranty express or implied and the maxim *caveat emptor* was properly applied. (*Alexander* v. *Stone,* 29 Cal. App. 488 [156 Pac. 998] ; *Byrne* v. *Jansen,* 50 Cal. 625; *Moore* v. *McKinlay,* 5 Cal. 471; 22 Cal. Jur. 998, sec. 71; 22 Cal. Jur. 964, sec. 47.)

We find no error in the record and accordingly the judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 19, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1932.