[Civ. No. 9055. Second Appellate District, Division One.—April 12, 1935.]

MORTON KAYE, Respondent, v. SERGE M'DIVANI, Appellant.

D. Chase Rich for Appellant.

Walter E. Burke and Harold E. Thomas for Respondent.

ROTH, J., *pro tem.*—Respondent leased in writing to appellant a furnished residence for the term from March 9 to September 9, 1931, at a rental of $400 per month. Upon the expiration of the term of the lease appellant held over by mutual oral agreement to October 9, 1931, at which time the premises were vacated. Attached to the lease was an inventory which listed the furniture, furnishings and equipment of the residence and fixed the valuation of the several items thereof. Among the items listed in the inventory was one Shah Habbas blue (antique) rug, 10.1x14.4, "very rare", valued at $6,000. This rug was stolen on April 15, 1931, and this action was instituted for its value on October 7, 1931. The lease provided, among other things, " . . . and lastly, that at the expiration of the term of this lease or agreement, or other sooner determination thereof, he will peaceably and quietly surrender, yield and deliver up the entire possession of said House, Furniture, Goods and Chattels, unto the said party of the first part . . . in an good state and condition as the same are now in, ordinary wear and tear and damage by fire alone excepted . . . " Further, "Party of the second part assumes all liability to the furniture and interior decorations in accordance with the inventory hereto attached, which is a part of this contract."

Respondent had judgment for $6,000 and costs. Appellant prosecutes this appeal from that judgment and contends that this action was prematurely brought; that the damages allowed were excessive; that there was no liability upon appellant except for negligence and that no negligence

was shown, and that respondent was estopped from claiming any damage.

■ We will treat the points urged in the order in which they have been stated. By reason of the holding over by appellant, repossession of the premises was not actually delivered until October 9, 1931, and the action was filed October 7, 1931. It may be conceded that if the period for the performance of the contract is fixed, the right of action accrues and the statute begins to run at the expiration of that period and not before. (*Fratt* v. *Hunt*, 108 Cal. 288 [41 Pac. 12].) Conceding the application of this principle, it is sufficiently answered by the fact that the written lease expired on September 9, 1931, and the holding over for one month did not, under the facts of this case, constitute an extension of the original written lease, but appears to have been a new tenancy from month to month. The evidence on this phase of the matter is meager. It does not appear with any certainty when the conversation for the extra month's tenancy was had or what the terms of this tenancy were. In any event, in the absence of evidence of a distinct agreement, it would by law be a renewal of the tenancy for a period of one month, since the rental under the written lease was paid in monthly payments. (Civ. Code, sec. 1945.) In addition, the written lease specifically provided "And if the party of the second part shall hold over the term herein stated, then such holding shall be construed to be a tenancy only from month to month." The cause of action undoubtedly accrued upon the expiration of the written lease.

■ The evidence on the question of damages was conflicting. There is unquestionably sufficient probative evidence upon which the trial court based its finding that the rug was reasonably worth in this market the sum for which it gave judgment. That a finding so made cannot be disturbed by this court is to merely reiterate a thoroughly settled and salutary principle of law.

■ The rights and responsibilities of the parties with reference to the personal property leased are undoubtedly controlled by the principles of bailment. Considering the appellant as a bailee for hire, he would be responsible only in the event he failed to use ordinary care. This, however,

would be true only in the event no contract were made between the parties limiting or enlarging such liability. That the responsibility of a gratuitous bailee or a bailee for hire can be diminished or increased by contract is settled. (*Rainbow Petroleum Co.* v. *Union D. & P. Co.*, 115 Cal. App. 275 [1 Pac. (2d) 489]; *Klein* v. *Baker*, 112 Cal. App. 157 [296 Pac. 631].)

It has already been decided in a number of cases that language, similar in phraseology, context and import to that used in the excerpted portions of the lease in question, enlarges the liability of a bailee and in effect makes him the insurer of the property bailed. (*Commercial Acetylene Supply Co.* v. *Fox*, 47 Cal. App. 673 [191 Pac. 33]; *Pope* v. *Farmers' Union etc. Co.*, 130 Cal. 139 [62 Pac. 384, 80 Am. St. Rep. 87, 53 L. R. A. 673]; *Caldwell* v. *Union Development Co.*, 54 Cal. App. 776 [203 Pac. 158]; *Ambassador Airways, Inc.*, v. *Frank*, 124 Cal. App. 56, 63 [12 Pac. (2d) 127]; *Klein* v. *Baker, supra; Rainbow Petroleum Co.* v. *Union D. & P. Co., supra.*)

■ Appellant's assertion of an estoppel is based on the fact that he offered to prove—which the trial court properly refused him permission to do — that a custom existed whereby lessors who let furnished houses always insure the same against burglary; that he was in fact told that the place was insured, and that he would not have rented the premises in question had he known otherwise.

There was evidence that some talk was had about insurance, but that it was fire insurance that was talked about and not burglary or other insurance, and the evidence showed that respondent did actually carry fire insurance on the premises to the extent of $40,000. There is nothing in the record from which it could be concluded that anyone authorized so to do represented to appellant directly or suggestively that respondent carried burglary insurance on the personal property covered by the lease. The action of the trial court in granting respondent's motion to strike the testimony of appellant to the effect that he would not have signed the lease had he known that no burglary insurance was carried was correct. No citation of authorities is necessary to establish that the showing thus made does not remotely approach an estoppel.

It follows, from what has been said, that the judgment should be and it is hereby affirmed.

Houser, Acting P. J., and York, J., concurred.