[Sac. No. 468.    Department One.—May 31, 1898.]

ELLEN M. WILSON, Respondent, v. WILLIAM DONALD-SON et al., Defendants. C. L. DONALDSON, Appellant.

CHATTEL MORTGAGE—GROWING CROP—LIEN OF LABORER—PRIORITY.—Conceding that a laborer employed by the occupant of land to harvest a crop of grain has a lien upon the harvested grain dependent upon his possession thereof, under sections 3051 and 3052 of the Civil Code, his lien is subject to the prior lien of a chattel mortgage upon the growing crop.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

A. E. Miller, and W. A. Gett, Jr., for Appellant.

Albert M. Johnson, for Respondent.

GAROUTTE, J.—Respondent, owning a certain tract of land, leased it to defendant William Donaldson for a share of the

crop as rent, to be delivered in the sack to her. He also gave her a chattel mortgage upon all his interest in the growing crop to secure a then existing indebtedness. William Donaldson hired appellant C. L. Donaldson to harvest the crop at an agreed price of one dollar per acre. The grain was harvested under this contract, and upon the completion of the work this appellant took possession of two hundred and fifty sacks of the grain, claiming a lien thereon to the extent of his contract price for the labor performed. Respondent claims the property under her chattel mortgage, executed and recorded before the grain was ready for the harvesting.

Appellant contends that he is entitled to a lien upon the grain by virtue of sections 3051 and 3052 of the Civil Code, which relate to statutory liens created when labor is performed upon personal property under the various circumstances there enumerated. Upon principle, *Douglas v. McFarland,* 92 Cal. 656, to some extent at least, supports the right of appellant Donaldson to claim a lien upon the grain for his labor under the circumstances we have detailed. For the purposes of the case alone it may be conceded that he is entitled to a lien. Such concession being made, the important question at once presents itself, Does this statutory laborer's lien of Donaldson take priority over the lien created by the chattel mortgage? An examination of the authorities upon the question from the various states of the Union discloses a conflict of judicial opinion. A well-considered case upholding the priority of the statutory or laborer's lien may be found in *Case v. Allen,* 21 Kan. 217; 30 Am. Rep. 425. But the great weight of authority is the other way. (Pingrey on Chattel Mortgages, secs. 730, 731; Jones on Liens, sec. 691; Jones on Chattel Mortgages, sec. 472; *Storms v. Smith,* 137 Mass. 201; *Ingalls v. Vance,* 61 Vt. 582; *Hauch v. Ripley,* 127 Ind. 151.) It is well said in the case last cited: "As the agister's lien depends alone upon the statute, it can have no greater force than the statute gives, and as the legislature has, as we have said, manifested no intention of giving to it superiority over other liens, it can have none." In the absence of the statute, the appellant would have no lien whatever. All his rights come from the statute, and therefore must be weighed and limited by the statute. If the legislature had desired to give such lien claimants a priority over

contract liens, it was an easy thing to have said so. And a declaration to that effect not violative of constitutional rights might be in line with a sound public policy. But here there is no such declaration, and it is not for the courts to ingraft such an amendment upon the law.

We have in this state a legislative declaration as to priority of liens in general, which reads as follows: "Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and *respondentia.*" It may well be said that "other things" are equal in this case. If not equal, then they preponderate largely in favor of the chattel mortgage. This is no question of balancing existing equities between the chattel mortgagor and the chattel mortgagee, but a question of equities between the chattel mortgagee and a third party—a stranger, and such equities are all in favor of the chattel mortgagee. We find none in favor of the third party, the statutory lien claimant. The chattel mortgagee gave full value for her right of lien, and was first in point of time. She notified all the world of her rights, and warned the world to deal with the property at their peril. She made a contract expressly authorized by the law, and did all that the law demanded of her in order to preserve the fruits of her contract. No court of equity can suggest a single defect in her conduct. Upon the other hand, this appellant, with full knowledge of the existence of the chattel mortgage, contracted to harvest the crop. He did this voluntarily, and if he suffers loss by such conduct it is his own fault. It was a matter of choice upon his part to do the work, and he assumed the risk of losing his hire when he entered into the contract. To be sure, his labor may have been necessary for the preservation of the crop. At the same time it may be said that the chattel mortgage lien was occasioned by the advance of money to furnish the seed and plow the ground. If the words "other things" found in the statute quoted refer to equities (which we do not decide), then it may readily be seen that those words furnish no comfort to appellant.

It would seem that a great number of the cases cited from other states, tending to support appellant's contention as to the priority of a statutory lien over a contract lien, may be distinguished from the principle we deem controlling in this state. In many jurisdic-

tions where these decisions are found, a chattel mortgage carries with it title to the property and the immediate right of possession. In this state there is no such law, either as to the title or the right of possession. As the law stands in those states, the mortgagor by consent retaining possession of the property, the courts seem to hold that repairs necessary for its preservation, when ordered by the mortgagor in possession, being made upon the mortgagee's property, are deemed in equity to be made at his request. It may be said that in such cases the question is hardly one of priority of liens.

The remaining contention relied upon by appellant has no substantial merit.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.