[L. A. No. 1200.    Department Two.—June 25, 1904.]

## MINNIE DIETERLE and WILLIAM DIETERLE, Appellants, v. M. BEKIN, Respondent.

ACTION FOR CONVERSION—DEMAND AND REFUSAL—DEFENSE—LOSS BY FIRE WITHOUT NEGLIGENCE—BURDEN OF PROOF.—In an action for a conversion of personal property by a bailee, proof of a demand and refusal to deliver the property is sufficient, *prima facie,* to sustain the action; and the burden of proof is on the defendant to prove a defense that the property was destroyed by fire without fault or negligence on his part.

ID.—FINDINGS—GROSS NEGLIGENCE IN EXPOSING PROPERTY TO LOSS—OMISSION TO FIND — REVERSAL OF JUDGMENT.—Where the court found that the defendant was grossly negligent in keeping the property where it was exposed to risk and danger of fire, and that the origin of the fire was unknown; but omitted to find upon the issue as to whether the defendant had exercised the ordinary care required of him as a warehouseman, and whether his negligence in that respect had contributed to the loss of the plaintiffs' property, a judgment for the defendant must be reversed, with directions to make a finding upon that issue.

ID.—IGNORANCE OF CAUSE OF FIRE NOT CONCLUSIVE—FACTS TO BE CONSIDERED.—The question whether the fire occurred without the knowledge of the defendant, or whether the origin of the fire is unknown, is not conclusive of the question of the defendant's negligence having caused the fire. The character of the building provided by him for the storage of the property, the character of the business for which he had permitted a portion of the building to be used, and the precautions taken for the prevention of fire and its extinguishment were elements proper to be considered in determining that issue.

ID.—FINDING REQUIRED AGAINST PARTY HAVING BURDEN OF PROOF.—
Where the findings show that there was evidence before the court
that the defendant did not exercise the ordinary care required of
him as a warehouseman, this was sufficient to cast upon him the bur-
den of showing that the loss was not the result of his negligence,
but was the result of some agency with which he was entirely dis-
connected; and if there was no evidence on the subject, the finding
must be against the defendant who has the burden of proof on that
issue; but the finding must be made thereon before judgment can
be properly rendered.

ID.—STIPULATION AGAINST LIABILITY FOR FIRE — WANT OF ORDINARY
CARE NOT EXCUSED.—A stipulation against liability for loss by fire
cannot be construed so as to excuse a bailee from the exercise of
ordinary care to protect the property from fire.

APPEAL from a judgment of the Superior Court of Los
Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion.

E. W. Freeman, for Appellants.

The burden of proof devolved upon the defendant to show
that the fire was not owing to his fault or negligence. (*Wilson*
v. *California etc. R. R. Co.,* 94 Cal. 171.) The stipulation
against liability for loss by fire cannot relieve defendant
from liability for his own negligence. (*Lancaster County
Nat. Bank* v. *Smith,* 62 Pa. St. 47; *Cussen* v. *Southern Cali-
fornia Savings Bank,* 133 Cal. 534;[1] *Taussig* v. *Bode,* 134 Cal.
260;[2] *Hooper* v. *Wells,* 27 Cal. 11;[3] *Collins* v. *Burns,* 63 N. Y.
1; *Canfield* v. *Baltimore etc. Ry. Co.,* 93 N. Y. 532;[4] *Mer-
chants' etc. Transportation Co.* v. *Story,* 50 Mich. 4.) The
gross negligence found by the court must be deemed the prox-
imate cause of the loss, in the absence of proof to the contrary.
(*Cussen* v. *Southern California Savings Bank,* 133 Cal. 534;[1]
*Railroad Co.* v. *Kelly,* 91 Tenn. 699.[5])

W. R. Bacon, for Respondent.

Upon proof of loss by fire, the burden was on the plaintiffs
to prove that it was caused by negligence of the defendant.
(*Wilson* v. *Southern Pacific R. R. Co.,* 62 Cal. 164; *Jackson*

[1] 85 Am. St. Rep. 221.          [4] 45 Am. Rep. 268.
[2] 86 Am. St. Rep. 250.          [5] 30 Am. St. Rep. 902.
[3] 85 Am. Dec. 211.

v. *Sacramento Valley R. R. Co.,* 23 Cal. 268; *Claflin* v. *Meyer,* 75 N. Y. 260;[1] *Schmidt* v. *Blood,* 9 Wend. 268;[2] *Smith* v. *First Nat. Bank,* 99 Mass. 605; *Willett* v. *Rich,* 142 Mass. 336;[3] *Clark* v. *Spence,* 10 Watts, 335; *Runyon* v. *Caldwell,* 7 Humph. 134; *Lancaster Mills* v. *Merchants' Cotton Press Co.,* 89 Tenn. 1;[4] *Brown* v. *Johnson,* 29 Tex. 40.)

GRAY, C.—This is an action for damages for the conversion of certain personal property belonging to plaintiffs, and in the complaint alleged to have been delivered to defendant in the ordinary course of business for storage in his warehouse in the city of Los Angeles. The complaint alleges that subsequent to the storage, plaintiffs being still the owners of said property and entitled to its possession, demanded possession thereof, and defendant refused to comply with the demand.

The answer, in addition to numerous denials, sets up as a separate defense that the property was deposited for storage with defendant, and that thereafter and before any demand was made upon the defendant, the said personal property "was without fault or negligence of this defendant destroyed by fire."

The defendant also pleaded as a separate defense that he received the property under a written agreement to the effect that the "defendant should be under no liability for loss of said personal property by fire."

The findings substantiate the allegations of the complaint, except as to the value of the property, which is found to be fifteen hundred dollars. It is also found that the defendant gave plaintiffs a written receipt signed by defendant, which receipt contains this sentence: "No liability for fire, etc." It is further found that the goods were stored in a certain building in said city, and then the findings proceed as follows: "Which said building was constructed with brick on the outside and with lumber on the inside. That said building consisted before and at the time of its destruction by fire, of three stories or floors, and the first floor was at the time of said fire used by J. D. Hooker & Co. as a depository in storing wood and hardware supplies, and the second floor was at said

[1] 31 Am. Rep. 467.
[2] 24 Am. Dec. 143, note.
[3] 56 Am. Rep. 684.
[4] 24 Am. St. Rep. 586.

time used by said defendant as a depository in storing said goods of said plaintiffs, and of others, and the third floor at said time was used for a paper box factory, and in the manufacture of said paper boxes there was used large kerosene lamps with double wicks, each wick about six inches long, and in each lamp kerosene was used, and said lamps were used for the purpose of heating glue for the manufacture of paper boxes. That large quantities of paper were stored on said third floor to be used in the manufacture of paper boxes, and said boxes when made were also stored on said third floor. That defendant at the time he stored said goods in said building, and at the time of the fire, knew that said paper box factory was on the third floor and was being conducted and carried on from day to day as aforesaid, and that there was danger of said goods being destroyed by fire on account of said factory being carried on as aforesaid on said third floor. That during all the time said goods were stored on said second floor there was danger of said goods being consumed by fire. The said warehouse was not a reasonably safe place in which to conduct said business because of the dangers of fire in said box factory.''

''The court further finds that said defendant was grossly negligent in keeping and storing said goods on said second floor of said building, and that defendant knew at said time that he stored said goods in said building and during all the time that he kept them in said building that there was risk and danger from fire on account of said paper box factory being then and there carried on in said third story of said building, as aforesaid, and that said goods at any time while being stored in said building were in danger of being consumed by fire, and that said risk and danger from fire was more than an ordinary risk. That during the night of on or about the 18th day of October, 1896, and prior to the commencement of this action, and before any demand was made upon said defendant by said plaintiffs, or either of them, or by any person at all, said property of plaintiffs was, while contained in said building, as aforesaid, destroyed by fire; but the origin and cause of said fire is unknown. It is not known in what part of said building the fire originated nor from what cause. It is not known whether or not the fire originated in the box factory or was caused thereby.''

Upon these findings the defendant had judgment for costs. The plaintiffs appeal from said judgment and from the order thereafter made denying their motion to vacate said judgment and enter a different judgment in plaintiffs' favor for fifteen hundred dollars.

We think the judgment should be reversed.

The plaintiffs made out their case when they established to the satisfaction of the court the allegations of their complaint. It was then for the defendant to establish the allegations of his affirmative defense if he could do so. The court has found that he was grossly negligent in the matter of exposing the property to loss by fire, and that the property was destroyed by fire of an unknown origin. The facts found suggest at least a probability that the fire came from the same source from which emanated the "more than ordinary risk" under which the property was so negligently placed by the defendant. Under the circumstances disclosed by the findings, the burden which the defendant had assumed in his affirmative defense was upon him to satisfy the court that the fire did not come from this source.

It is not necessary to hold that the burden of proof was upon the defendant solely for the reason that he had assumed it in his answer. Irrespective of any consideration upon whom the burden of proof lay, the issue before the court was to determine whether the defendant had exercised the ordinary care required of him as a warehouseman, and whether his negligence in that respect had contributed to the loss of the plaintiffs' property, and upon this issue the court has not made any finding. Whether the fire occurred without his knowledge, or whether the origin of the fire was unknown, were not in themselves conclusive of this question. The character of the building provided by him for the storage of the property, the character of the business for which he had permitted a portion of the building to be used, and in view thereof the precautions taken by him for the prevention of fire and for its extinguishment were also elements proper to be considered in determining this issue. (See *Russel Manufacturing Co.* v. *M. H. Steamboat Co.*, 50 N. Y. 121; *Barron* v. *Eldridge*, 100 Mass. 455;[1] *Judson* v. *Giant Powder Co.*, 107 Cal. 549.[2]) If the trial of the cause had been before a jury

[1] 1 Am. Rep. 126.      [2] 48 Am. St. Rep. 146.

it would have been error for the court to withdraw these matters from their consideration, and to submit the question of his negligence to be determined by his knowledge or ignorance of the origin of the fire.

It is evident from the findings above quoted that there was evidence before the court tending to show that the defendant did not exercise the ordinary care required of him as a warehouseman. This was sufficient to cast upon him the burden of showing that the loss did not arise from his negligence, but was the result of some agency with which he was entirely disconnected. (See *Wilson* v. *California etc. R. R. Co.*, 94 Cal. 166, and cases there cited.) As this was a material issue in the case, and there was evidence relative thereto, the court should have made a finding thereon, and until such finding was made, no judgment could be properly rendered. (*Swift* v. *Canavan*, 52 Cal. 417.) The trial of a cause is not completed until the court has made its finding upon all the material issues. If there is no evidence upon an issue, the finding must be against the party on whom was the burden of proof. (*Leviston* v. *Ryan*, 75 Cal. 593.)

Nor are these questions in any way affected by the contract against liability for loss by fire. Such a contract cannot be construed so as to excuse a bailee from the exercise of ordinary care to protect the property from fire. (*Lancaster County Nat. Bank* v. *Smith*, 62 Pa. St. 47; *Cussen* v. *Southern California Savings Bank*, 133 Cal. 534;[1] *Taussig* v. *Bode*, 134 Cal. 260.[2])

The case of *Wilson* v. *Southern Pacific R. R. Co.*, 62 Cal. 164, is cited by respondent to the point that the burden of proof was on the plaintiff here to show that the loss was attributable to defendant's negligence. We have no quarrel with the decision of that case as applied to the facts involved therein, but the facts as well as the issues were different from the facts and issues here. There the plaintiff assumed the burden of showing the negligence of defendant in his complaint, and the question of whether defendant was negligent at all seems to have been in grave doubt. Here the defendant has assumed the burden of showing that the loss was not the result of his negligence in his answer, and that he did not use due care in storing the property we have already seen. As

[1] 85 Am. St. Rep. 221.          [2] 86 Am. St. Rep. 250.

giving further scope to this distinction, see the comment on that case by this court in the case of *Wilson* v. *California etc. R. R. Co.*, 94 Cal. 172.

A judgment cannot be ordered for plaintiffs on the findings as they stand because of the absence of any finding as to whether the loss was the result of defendant's negligence.

We advise that the judgment be reversed, with directions to the lower court to make a finding upon the evidence already before it and such other evidence as the parties may present upon this issue as to defendant's negligence, and to render judgment accordingly.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the lower court to make a finding upon the evidence already before it and such other evidence as the parties may present upon this issue as to defendant's negligence, and to render judgment accordingly.

Henshaw, J., Lorigan, J., McFarland, J.