[Sac. No. 3731. In Bank.—September 1, 1927.]

KIER SINGH DOOT, Respondent, v. SKIRVING WAREHOUSE COMPANY, Appellant; J. F. BEDWELL, Intervener and Appellant.

[1] BAILMENTS — CONVERSION — BURDEN OF PROOF. — Proof of the deposit of goods with a warehouseman and his failure to redeliver in accordance with the terms of the contract makes a *prima facie* case and the burden is upon the warehouseman to excuse the failure to make such redelivery.

[2] LIENS—HARVESTING CROPS—LABORER'S LIEN—CHATTEL MORTGAGE —PRIORITY.—One who, at an agreed price, threshes, packs, and delivers to a warehouse certain crops has a lien upon the crops for his compensation, dependent upon possession, under section 3051 of the Civil Code, which is superior to a pre-existing lien of a chattel mortgage.

[3] ID.—WAIVER.—One who has a laborer's lien upon crops for his compensation in threshing, sacking, and delivering the same to the warehouse does not waive his lien as against a prior chattel mortgage given to secure payment of the rental to the owner of the land, by agreeing with the lessee and the latter's chattel mortgagee that one-third of the warehouse receipts are to be issued to the landlord and the warehouseman is to hold the receipts for two-thirds for a certain time during which said mortgagee

---

1. See 25 Cal. Jur. 964.

2. Priority of lien for services on personal property on chattel mortgage, note, 5 L. R. A. 1915D, 1149. See, also, 5 Cal. Jur. 70; 16 Cal. Jur. 339; 5 R. C. L. 448; 17 R. C. L. 609.

3. See 17 R. C. L. 607.

may pay the expenses incurred in harvesting the crops whereupon the receipts for two-thirds of the crops shall be issued to him, but if he shall elect not to pay said expenses said receipts shall be issued to the laborer and become his property free of said chattel mortgage, and in such event it shall be full compensation to the latter for his charges and expenses.

(1) 40 Cyc., p. 471, n. 2, p. 478, n. 32.   (2) 11 C. J., p. 656, n. 38. (3) 37 C. J., p. 334, n. 35.

APPEAL from a judgment of the Superior Court of Sacramento County.  Malcolm C. Glenn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

William E. Kleinsorge for Appellant.

Ralph W. Smith for Intervener.

Arthur M. Bunday for Respondent.

THE COURT.—The hearing by this court was granted herein after decision by the district court of appeal in and for the third appellate district, wherein the judgment of the trial court was affirmed, in order that further consideration might be given by this court to the question presented upon this appeal.  Upon such further consideration this court is satisfied with the correctness of the decision of the appellate tribunal written by Mr. Justice Pullen, *pro tempore,* and therefore hereby adopt the same as the decision of this court.  Such decision reads as follows:

"On the 14th day of February, 1920, J. F. Bedwell, the intervener herein, was the owner of certain lands situated in Placer and Sutter counties, which on that date intervener leased to Habib Ulla and Rahmat Ulla, who agreed to pay intervener certain cash rentals and in addition thereto one-third of all crops of rice raised on said lands delivered by them to the warehouse free and clear of all claims and demands.  The lease also contained a crop mortgage on one-half of the lessees' interest in the crops which might be grown upon the lands, as security for the faithful performance of all the terms of the lease.

"The first cash payment provided to be paid under the lease was paid, and the lessees went into possession; in the

spring of 1920 they planted the lands to rice and about the latter part of November, 1920, began cutting the rice. After having cut approximately thirty acres they were prevented from further cutting of the crop on account of the unseasonable rains.

"Apparently the lessees became financially involved and were unable to proceed further with their farming operations, whereupon the lessees Habib Ulla and Rahmat Ulla and the receiver of the First National Bank of Gridley, who held an unpaid chattel mortgage on the crop of the lessees, and Kier Singh Doot, the plaintiff herein, entered into an agreement in writing wherein Kier Singh Doot, the plaintiff, agreed to thresh, sack and deliver to the warehouse all the rice crop at a price in said agreement agreed upon, the receipts therefrom to be divided one-third to the landlord, J. F. Bedwell, and two-thirds to be retained by the warehouseman, and upon five days' notice to the receiver of the bank, he at his option could pay certain designated expenses incurred by plaintiff, whereupon the receipts were to be delivered to said receiver, but if the receiver should elect not to pay the expenses so designated the receipts should be issued to plaintiff herein. Thereafter, and in accordance with said agreement, plaintiff threshed, sacked and delivered the crop of rice to the warehouse of defendant and thereafter the receiver elected not to exercise his option under the agreement and within the time stipulated so notified defendant; thereupon plaintiff demanded that the receipts for two-thirds of the crop be delivered to him, he having already delivered one-third of the rice to the intervener as provided in the lease. About the same time intervener made a similar demand on defendant, claiming that he, the intervener, was the only person entitled to the receipts under the terms of his lease and crop mortgage, and later defendant, ignoring the demands of plaintiff, delivered to intervener the warehouse receipts for all of the rice in controversy, aggregating about 1725 sacks.

"Subsequently, intervener sold all of the rice and after deducting certain expenses for storage charges to defendant applied the balance, $1,725.79, as a credit upon the cash rental which fell due January 15, 1921, as specified in the lease.

"Plaintiff being dissatisfied with the disposition of the proceeds of his labor, brought this action against the defendant warehouse company for conversion and at the proper time the landlord, J. F. Bedwell, intervened and became a party to the action. Defendant denied the allegations of the complaint and set up as a defense that Bedwell was entitled to the possession of all said rice. Bedwell in his suit in intervention set up his claim to the rice and upon the issues joined the cause was tried by the court and judgment was rendered finding that plaintiff was entitled to the rice in question less certain charges, and from this judgment both the defendant warehouse company and Bedwell, intervener, have appealed.

"The cause was tried upon the theory that plaintiff had a lien on the crop and the findings are so drafted; but appellants urge that plaintiff waived his lien and in the negotiation between himself and the receiver of the First National Bank agreed to accept two-thirds of the crop in full compensation for his services. Having waived his lien, he took the two-thirds interest in the crop, subject to the liens and crop mortgage entered into between Ulla and Bedwell, of which plaintiff had constructive notice, and inasmuch as the cash installment of rent was at that time due and unpaid, the proceeds from the rice should be applied thereon.

[1] "This is an action in conversion and there is no doubt in cases of this class as to the burden of proof, for proof of the deposit and failure of the bailee to redeliver in accordance with the terms of the contract makes a *prima facie* case and the burden, therefore, is upon the warehouseman to excuse the failure to make such redelivery. (*Taussig* v. *Bode and Haslett*, 134 Cal. 260 [86 Am. St. Rep. 250, 5 L. R. A. 774, 66 Pac. 259].) The evidence in this case fails to disclose any justification by the warehouseman for his failure to deliver and there is no question of the sufficiency of the evidence to support the findings and judgment upon this issue.

[2] "Plaintiff bases his claim to the rice or the proceeds from the sale thereof by virtue of a laborer's lien as provided for by section 3051 of the Civil Code. In the case of *Wilson* v. *Donaldson*, 121 Cal. 8 [66 Am. St. Rep. 17, 43 L. R. A. 524, 53 Pac. 404], the court held that a laborer

employed by the occupant of land to harvest a crop of grain has a lien upon the harvested grain dependent upon his possession thereof under the above section, but his lien is subject to the prior lien of a chattel mortgage upon the growing crop. This case, however, was directly overruled by the case of *Mortgage Securities Co.* v. *Pfaffmann,* 177 Cal. 109 [L. R. A. 1918D, 118, 169 Pac. 1033], and the rule now clearly is that the possessory lien of the improver of personal property is superior to the pre-existing lien of a chattel mortgage. That plaintiff is entitled to the benefits of such statutory lien as is contemplated by section 3051 of the Civil Code was in *Wilson* v. *Donaldson, supra,* recognized for the purpose of that case. And upon principle, to some extent at least, this is recognized by the case of *Douglas* v. *McFarland,* 92 Cal. 656 [28 Pac. 687].

[3] ''Conceding that respondent is such a person as has rendered such service to the owner of the unthreshed rice as to entitle him to the statutory lien granted by section 3051 of the Civil Code, and that such lien is superior to the recorded chattel mortgage held by the intervener as owner of the lands upon which such rice was grown, has plaintiff done anything to waive the right so conferred by law? Appellants claim that by the terms of the contract between plaintiff and the receiver of the First National Bank of Gridley and lessees that plaintiff waived his lien and that he agreed to accept two-thirds of the crop in full of his labor as such, and having so waived his lien he took his two-thirds interest in the crop subject to the terms of the chattel mortgage held by intervener, which mortgage was duly of record and of which thereby plaintiff received constructive notice.

''The portion of the contract between respondent and the receiver upon which appellant relies is as follows: 'It is understood and agreed by and between the parties hereto that Kier Singh Doot agrees to thresh, sack and deliver at the nearest available warehouse all of said rice at the price of 55 cts. per 100 for threshing, $2 per ton for hauling to Ketrick Warehouse on N. E. R. R. (or going hauling wage, if to any other warehouse) sacks and twine at market prices and it is understood and agreed that the warehouse receipts are to be issued one third to the landlord and the warehouseman is hereby directed to hold the receipts for

the two thirds share until all rice is threshed and delivered, when upon five days notice in writing to the said A. L. James, receiver, Gridley, California, the said A. L. James, at his option may pay all necessary expenses incurred by said Kier Singh Doot whereupon the receipts for said two thirds share shall be issued to said receiver; if said A. L. James shall elect not to pay said expenses incurred by said Kier Singh Doot in said threshing, sacking and hauling then said warehouse receipts shall be issued to Kier Singh Doot and the said receipts shall be Kier Singh Doot's property, free and clear of all claims by said mortgagee, the said First National Bank, A. L. James, receiver; and in such latter event the said Kier Singh Doot agrees to accept the said warehouse receipts for said two thirds share in full payment for all his charges and expenses in connection with the threshing, sacking and hauling of said crop. Said A. L. James is to have five days notice in which to accept or reject said warehouse receipts as herein provided, and it is agreed that he shall in writing notify said warehouseman of his election to accept said receipts and pay the said charges and expenses or he shall in writing notify said warehouseman of his election to reject to pay said charges, in which latter event, said warehouseman is authorized at once to issue receipts to the said Kier Singh Doot as herein provided.'

"We find nothing in the agreement that supports the claim of appellants. The rule of law we concede to be that where one enters into a contract, the complete performance of which according to its true intent and terms is inconsistent with the existence of a lien given by law, he thereby foregoes and waives the lien which the law would otherwise give him, but there is nothing contained in the language of the agreement referred to that could be construed as a waiver of any claim or possessory right, at least until the receiver had elected to receive the rice and pay for the threshing charges."

For the foregoing reasons the judgment is affirmed.