[Civ. No. 6426. First Appellate District, Division One.—June 27, 1929.]

W. R. FERGUSON, Respondent, v. C. E. GREEN, Appellant.

642

Theodore M. Stuart for Appellant.

G. L. Aynesworth and Frank Kauke for Respondent.

THE COURT.—This action was brought to recover damages for the failure to redeliver certain cattle, being part of a herd owned by the plaintiff which the defendant agreed to pasture. The latter filed a counterclaim for pasturage and commissions together with labor furnished and money expended for plaintiff's benefit.

According to the findings the defendant failed to redeliver or account for fifty-seven head of stock of the value of $2,233.25. It was also found that defendant was entitled to $844.75 under his counterclaim, and judgment was entered in favor of plaintiff for the difference, viz., $1388.50.

The defendant, who has appealed from the judgment and an order denying a motion to set aside the judgment and enter a judgment upon the findings in his favor, contends that the findings in favor of the plaintiff are unsupported; that the theory on which the case was tried and decided was erroneous, and also that the court erred in striking a certain affidavit from the reporter's transcript on appeal.

The complaint alleged the delivery of the cattle to the defendant pursuant to a contract in writing whereby the latter

in consideration of the payment of certain amounts per head agreed to keep the cattle on a range where they would have sufficient to eat and drink, and to return and account for them in a manner satisfactory to the plaintiff. It further alleged performance by the plaintiff, a demand and defendant's failure to return a number in excess of that found by the court. Defendant admitted the receipt of the missing cattle, which were shipped to him from New Mexico, but alleged that when received they were suffering from disease from which they later died, and that he had fully performed the contract.

The plaintiff, after adducing evidence in support of the allegations of his complaint, with the exception of that of performance of the contract on his part, rested. Defendant contends that the action stated was one in contract; that in order to recover it was necessary that the latter allegation be proved, and that sums being due for pasturage and commissions at the time of the demand, as found by the court, he was within his rights in refusing to redeliver the missing cattle.

■ In view of the undisputed facts the allegation and proof of performance by the plaintiff were not essential to a recovery, the record showing that the defendant at all times claimed that the missing cattle were destroyed without his fault, not that he refused to redeliver until his demands for pasturage and commissions were paid. This defense he undertook to prove, and the case was tried on the theory that the question of his negligence was an issue. Under the circumstances, and notwithstanding the contractual relations between the parties, it was only necessary for the plaintiff to allege the delivery with a failure to return the property on demand (*Dieterle* v. *Bekin,* 143 Cal. 683 [177 Pac. 664]), and the presumption arising from the proof of these facts was sufficient *prima facie* to sustain the action (*Wilson* v. *Southern Pac. Co.,* 62 Cal. 164). ■ Upon such proof being made it was then incumbent upon the bailee to excuse his failure to redeliver (*Kier Sing Doot* v. *Skirving etc. Co.,* 202 Cal. 75 [259 Pac. 81]); and where he sought to justify the failure by showing that the cattle were lost or destroyed the burden was upon him to show that this occurred through some cause consistent with due care on his part (*Wilson* v. *Crown Transfer etc. Co.,* 201 Cal. 701 [259 Pac. 81]). The

defendant adduced evidence in support of his defense; but on the other hand there was evidence showing that the stock were placed in a pasture several thousands of acres in extent, in which it was difficult to care for or water them and from which escape was easy; that the range was traversed by deep canyons into which the cattle if they became sick would probably fall, and into which in several cases the evidence tends to show that they did fall; that the pasture, to the knowledge of the defendant, contained growths of poisonous buckeye and black fern which were likely to be eaten by cattle strange to the locality. It was also shown that the defendant neglected for considerable periods to visit the cattle, and in addition to the above there was evidence tending to impeach the accuracy of entries claimed to have been made at various times in defendant's books of account with respect to the number of cattle which died from disease.

The record also contains other evidence tending to support the case for the plaintiff which it will be unnecessary to review. Sufficient appears to support the conclusion of the trial court, and the evidence being conflicting its findings cannot be disturbed (2 Cal. Jur., Appeal and Error, sec. 543, p. 921).

Appellant contends that the court having allowed his claims for pasturage and commissions, this was tantamount to a finding that he had fully performed the contract, and consequently was not liable for the loss of the cattle, and that judgment should have been entered upon the findings accordingly.

We find no merit in this contention as the defendant was in any event entitled to payment for services rendered under the contract, and the finding to that effect was not in conflict with the conclusion that appellant had failed to excuse noncompliance with his obligation to redeliver the stock and his consequent liability for their value.

Appellant sought to have incorporated in the transcript on appeal an affidavit filed by his attorney setting forth certain statements made by the judge of the trial court at the close of the argument upon appellant's motion for a new trial as to the theory on which the case was decided. The affidavit upon motion was ordered to be stricken from the reporter's transcript, and it is claimed that this order was erroneous.

The order was not appealable, and the affidavit, although included in the clerk's transcript, must be disregarded (*Lake v. Harris,* 198 Cal. 85 [243 Pac. 417]). Nor was the statement by the trial court properly a part of the record on appeal (*De Cou* v. *Howell,* 190 Cal. 741 [214 Pac. 444]).

The judgment is affirmed.