[Civ. No. 7127. Second Appellate District, Division One.—June 2, 1932.]

AMBASSADOR AIRWAYS, INC. (a Corporation), Respondent, v. BEN L. FRANK, Appellant.

Anderson & Anderson & Sheahan for Appellant.

A. P. Michael Narlian and Joseph N. Beardslee for Respondent.

HOUSER, J.—Broadly stated, the action upon which the instant appeal is based was brought by the plaintiff against defendant for the purpose of recovering a judgment on account of moneys alleged to have been expended by the plaintiff in repairing an airplane which was the property of the plaintiff, but which had been damaged while in the possession of defendant. In said action additional damages were claimed by the plaintiff because of the loss of "service and use by the plaintiff" of the airplane during the time that it was undergoing repairs.

In greater detail, the facts appear to be that in the pursuit of the business in which the plaintiff was engaged it agreed to give to defendant, "called 'student', a course in practical and theoretical flying" of an airplane. Thereafter, and in the course of such instruction, defendant "when flying alone" had two separate accidents, each of which resulted in the expenditure of moneys by the plaintiff in making necessary repairs to the airplane. Following the latter of such accidents, defendant signed an instrument in writing by which he agreed "to pay to the corporation all cost of repairs and/or for all damage to any machine damaged or wrecked by any act of student, or in any accident in which any act of student is a contributing cause, over and above $50.00, when flying alone". Some weeks thereafter a third accident occurred, also at a time when defendant was "flying alone", which accident necessitated the outlay by the plaintiff of an additional sum of money in repairing damage thereby occasioned to said airplane. In making such repairs the airplane was "out of service and use" by the plaintiff for a period of thirty-five days.

The complaint in the action contained three counts, each of which in form was identical with each of the others, with the exception that the third count thereof contained an allegation which was not incorporated in either of the others, to wit:

"That the time the said airplane was out of service and use by the plaintiff, caused by said accident, was thirty-five days, and the value of the use of the said airplane to the plaintiff during said time was $75.00 per day and the plaintiff has been damaged by the loss of the use of said airplane for said period of time in the sum of $2,625.00."

With reference to each of the three counts of the complaint, for the recovery of a judgment against defendant on account of the "cost of repairing said airplane" the plaintiff apparently relied upon its allegations therein set forth as follows:

"That on or about the 15th day of June, 1928, the defendant agreed in writing to accept the course in training with the plaintiff as a student in practical and theoretical flying wherein the plaintiff was to furnish airplanes to the defendant for his use in learning to fly airplanes, learn their construction and general allied subjects in connection with airplanes. Among other provisions the defendant agreed to pay to the plaintiff all costs of repairs, and/or for all damage to any machine damaged or wrecked by any act of defendant or in any accident in which any act of defendant is a contributing cause, over and above the sum of $50.00 when defendant was flying alone."

On the trial of the action, although the execution of the agreement was satisfactorily established, and although the evidence likewise showed that each of two of the accidents in question occurred on a date which preceded the execution of the said agreement,—nevertheless, by order of the trial court, judgment was rendered in favor of the plaintiff not only for the amount of money expended by it on account of the accident which occurred after the execution of said agreement, but as well for moneys paid out by the plaintiff for a like purpose on account of each of the accidents which occurred prior to the execution of said agreement. The judgment also included damages which were awarded to the plaintiff in the sum of $2,257.85 as compensation for the period "that said airplane was out of service and use by the plaintiff as a result of said (third) accident". It is from said judgment that the appeal herein is prosecuted.

At the outset of the appellant's objections to the judgment, it is contended that because neither of the several counts of the complaint contained an allegation to the effect "that the airplane was damaged or wrecked by any act of defendant or in any accident in which any act of defendant was a contributing cause",—the complaint failed to state a cause of action. In that connection it should first be noted that no demurrer was interposed by defendant

to the complaint; nor on the trial of the action was any objection whatsoever registered by defendant to the fact that in the respect mentioned the complaint was at all defective. In that regard the trial was conducted as though the complaint was properly subject to no adverse criticism. In such circumstances, the law is well established that after judgment has been rendered and on appeal therefrom it is too late for a dissatisfied litigant to then suggest for the first time an objection of the nature of that here urged by appellant.

But specifically, as to each of the first and the second counts of the complaint, it is contended by appellant that because the plaintiff relied upon an express agreement that defendant would "pay the plaintiff all cost of repairs and/or for all damage to any machine damaged or wrecked by any act of defendant", etc., which said undertaking on the part of defendant was executed *after* the happening of both accidents specified in said two counts of the complaint, the judgment as to each of said counts should be reversed. Such legal conclusion, however, does not necessarily result from the facts presented.

As appears in section 1929 of the Civil Code, in circumstances such as existed between the interested parties, in the absence of any special qualifying agreement between them, "the hirer of a thing must repair all deteriorations or injuries thereto occasioned by his want of ordinary care". To the same effect, see 6 Corpus Juris, 1113, and authorities there cited. From such authorities it may fairly be assumed that by the terms of the agreement between the instant parties no greater liability on the part of defendant was created than would have existed in the absence of such agreement; in other words, the maximum of the ordinary liability of defendant was in nowise increased or enlarged by virtue of the agreement which he executed. If he was liable at all for the cost of repairs of the airplane which was the property of the plaintiff, the execution of the agreement added nothing thereto. Defendant was liable for "cost of repairs" in the same manner and to the same extent before he signed the agreement as he was after he had attached his signature thereto. It follows that, as to each of the accidents which occurred before the agreement was executed, for the recovery of a

judgment against defendant the plaintiff might have successfully relied upon the general law which fixes defendant's liability, rather than upon the express agreement which was set up in the complaint. From an examination of the findings of fact made by the trial court, it appears that as to each of such two counts of the complaint the judgment was apparently based upon the express contract entered into between the plaintiff and defendant. But, although the evidence shows that each of the accidents which formed the basis of such two counts respectively occurred before the date of the express contract, the evidence also discloses the fact not only that the said accidents occurred while the airplane was in the possession of defendant, but as well that each of said accidents was caused by an "act of the defendant". Neither by allegation in his answer to the complaint, nor by evidence adduced in his behalf on the trial of the action, did defendant either show or make any attempt to show, that as to either count in the complaint the damage which resulted to the plaintiff was in anywise excusable as far as he was concerned, or that the liability for such damage should be shifted from his shoulders. Indeed, especially as to the damages which arose from the third accident, he expressly admitted his liability therefor.

As a consequence, it is apparent that unless defendant show some material prejudice arising either from other alleged infirmities of the complaint in the action, or, on the trial of the action, from the abuse or the denial of some substantial right to which he was clearly entitled, he is in no position to complain of the judgment which was rendered against him. (4 Cal. Jur. 42; *Cussen* v. *Southern California Sav. Bank,* 133 Cal. 534 [85 Am. St. Rep. 221, 65 Pac. 1099]; *Dieterle* v. *Bekin,* 143 Cal. 683 [77 Pac. 664]; *Greer* v. *Los Angeles A. Club,* 84 Cal. App. 272 [258 Pac. 155].)

From a consideration of the foregoing, it becomes obvious that the plaintiff adopted an incorrect theory in framing its complaint in the action. But the rule is quite generally and thoroughly established that in circumstances such as are here presented, the mistake is cured by the verdict or judgment. (49 Cor. Jur. 879; 1 Cor. Jur. 1008.) In the instant pleading (and considering the fact that no demurrer was interposed thereto), the allegations were sufficient to

state a cause of action on the ordinary statutory liability of defendant, as provided by section 1929 of the Civil Code and the other authorities to which attention hereinbefore has been directed. In such circumstances, the additional allegations contained in the complaint with reference to the express agreement of the parties, which in effect created no greater liability than that provided by the statute, may be disregarded and treated as surplusage. It follows that the objections of defendant to the effect that in the particular hereinbefore stated, the complaint failed to state a cause of action, cannot be sustained.

For the reason that the findings of fact as nearly as practicable followed in *"haec verba"* the allegations of the complaint, and therefore omitting from consideration all facts therein which related to the express contract of the parties, sufficient remains to support the judgment. In consequence of such conclusion it necessarily results that the further contention by defendant to the effect that the findings of fact do not support the judgment, is likewise untenable.

In addition to that which hereinbefore has been declared a sufficient foundation for the recovery of a judgment for the "costs of repairs" which related to each of two counts of the complaint, that part of the judgment for "costs of repairs" which related to the third count in the said complaint and which depended upon the expenditure by the plaintiff of certain moneys in repairing damages to the airplane which resulted from the third accident, and which occurred after the execution of the agreement between the parties, may securely rest upon the express contract of the parties, rather than upon the contract created by law. But as to that part of the judgment which has its foundation in the complaint and the evidence which related to the alleged damage of $2,257.85 to the plaintiff because of the fact that the "said airplane was out of service and use by the plaintiff as a result of said accident for a period of thirty-five days", remains for consideration by this court.

In answer to the contention by the appellant to the effect that in circumstances such as are here portrayed by the evidence such an item of damage is not recoverable, respondent has again directed attention to the general

language contained in the agreement of the parties, but more particularly to the contents of a certain telegram sent by defendant to the plaintiff in which defendant requested the plaintiff to "bill me for repairs". But, on consideration of the agreement, the telegram, and the entire evidence in the case, it is impossible to place a construction upon the conduct of the parties by which either an express or an implied agreement may be discovered on the part of defendant to pay for the damage which may have resulted from the loss of the use of the airplane. It may be that in a bailment of the nature of that here under consideration, in the absence of an agreement between the parties limiting the liability of the bailee, a liability such as that sought to be established herein would be created as a matter of law. However, that question is not necessary of decision herein. The respective rights, duties, or obligations of the parties to a bailment are properly determinable from the contract, if any, entered into between them. As is stated in 6 Corpus Juris, 1110:

"The rights, duties, and liabilities of the bailor and the bailee must be determined from the terms of the contract between the parties, whether express or implied. Where there is an express contract, the terms thereof control, since both the bailor and the bailee are entitled to impose on each other any terms they respectively may choose, and their express agreement will prevail against general principles of law applicable in the absence of such an agreement." Also, in the same volume, at page 1112, the following may be noted: "The parties to a bailment may diminish the liability of the bailee by special contract, the principle being that the bailee may impose whatever terms he chooses, if he gives the bailor notice that there are special terms and the means of knowing what they are; and if the bailor chooses to make the bailment, he is bound by them, provided the contract is not in violation of law or of public policy. . . . "

In the instant case, whatever may have been the original liability of defendant, after the agreement between him and the plaintiff was executed the liability of defendant was properly and legally measurable solely by its terms. If by such agreement the statutory or common-law liability

of defendant was increased; or, on the other hand, if by such agreement his ordinary liability was decreased or in anywise limited, such fact must be ascertained by an examination and construction of the agreement itself and by or through no other source. Turning, then, to the language used by the parties by means of which they expressed their respective rights, duties and liabilities in the premises, it is discovered that in plain and unmistakable terms defendant bound himself "to pay to the corporation (plaintiff) all cost of repairs and/or for all damage to any machine damaged or wrecked by any act of student (defendant) . . . " Nowhere in the agreement is any other or different liability sought to be imposed on defendant. His liability is specially limited to cost of repairs and damage to the airplane. A most significant circumstance is noted in the total absence of any provision in the contract by which defendant may be charged for loss of use of the airplane during the time that it may be undergoing repairs, etc. It therefore follows that, since by their express agreement the parties excluded the item of damage of $2,257.85, for which the plaintiff was awarded judgment, and which item arose from the fact that the airplane "was out of service and use . . . for a period of thirty-five days", the judgment is erroneous in that regard.

No other specification of error by appellant is deemed worthy of serious consideration.

It is ordered that the judgment be and it is modified by deducting therefrom the sum of $2,257.85. As thus modified the judgment is affirmed; appellant to recover costs on appeal.

Conrey, P. J., and York, J., concurred.