## Appellate Department, Superior Court, Fresno

[Civ. A. No. 6. Nov. 21, 1952.]

GILBERT MASTROFINI, Respondent, v. C. S. SWANSON, Appellant.

Wild, Carlson & Reeve for Appellant.

Harold Parichan for Respondent.

CONLEY, J.—Defendant, a dealer in automotive equipment, appeals from a judgment against him for $700; that sum was the amount deposited with him by plaintiff in connection with the uncompleted purchase of a trailer, then owned by one, Remy, who is not a party to the action. Appellant urges as his sole point on appeal that the evidence shows he was the agent for Remy, that he paid over the money to his disclosed principal, and that recovery, if any, must be against Remy, as principal and not against him.

In the first cause of action in the complaint, plaintiff sues defendant for $700 as money had and received by him for the use and benefit of plaintiff; in the second cause of action it is alleged that the defendant received the $700, as agent for the plaintiff, in connection with the proposed purchase of the trailer. Findings of fact were waived (Code Civ.

Proc., § 632) and, thus, the exact basis upon which the case was decided for the plaintiff does not appear in the record; adequate proof under either theory would be sufficient as it must be assumed, when findings are waived, that all issues necessary to decision under the pleadings and the evidence were resolved by the trial court in favor of respondent. (*U Drive & Tour, Ltd.* v. *System Auto Parks, Ltd.,* 28 Cal.App. 2d Supp. 782, 786 [71 P.2d 354].)

■ The consideration of an appeal from the municipal court by the appellate department of the superior court requires an application of the same rules that control appeals from the superior court to the Supreme Court and the District Courts of Appeal.

■ An appellate court has no disposition or power to weigh conflicting evidence, to determine the credibility of the witnesses or to decide on which side the evidence preponderates. ■ When an appeal is based wholly on questions of fact, the duty of the court begins and ends with its determination that, irrespective of conflicts, the evidence supporting the findings, if any, and the judgment of the trial court, is sufficient as a matter of law. (*Estate of Teel,* 25 Cal.2d 520, 526 [154 P.2d 384].) ■ When the question raised on appeal is whether the evidence supports the judgment, the character of the evidence favoring appellant is of no consequence; only the evidence for the respondent is material, and if it substantially supports the judgment affirmance must follow. (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970] ; *Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534, 539 [110 P.2d 992] ; *Continental Ins. Co.* v. *Pacific Greyhound Lines,* 43 Cal. App.2d Supp. 877, 880 [111 P.2d 37].)

■ It is also elementary that the evidence in such circumstances must be viewed in the light most favorable to the respondent, and that the respondent is entitled to the benefit of all reasonable inferences in his favor. (*Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424] ; *Hamilton* v. *Pacific Electric Ry. Co.,* 12 Cal.2d 598 [86 P.2d 829].)

The theories of the appellant and the respondent sharply conflict with respect to what should be the correct deduction from the evidence. In accordance with his theory, appellant claims that he was merely the agent for a disclosed principal; that pursuant to respondent's directions he credited the $700 to Remy, and that, consequently, Remy must be held responsible for the deposit. ■ If appellant's evidence in support of this theory had been accepted by the trial court and

judgment had been entered accordingly, the contention made by appellant would be upheld. (*Bogart* v. *Crosby & Van Haren,* 80 Cal. 195 [22 P. 84] ; *Zumwalt* v. *Schwarz,* 112 Cal.App. 734, 736 [297 P. 608].) But, applying the rules above mentioned, we must, on this appeal, inquire whether there is substantial evidence to support the judgment of the trial court contrary to appellant's theory and in favor of the respondent. If the answer is in the affirmative the judgment must be upheld.

The plaintiff and respondent, Gilbert Mastrofini, testified that in the early part of the summer of 1948 he talked with the defendant and appellant, C. S. Swanson, a dealer in automotive equipment, at the latter's shop in Fresno County. He told him that he wished to buy a three-axle trailer of a certain description, that he would trade in a small trailer which he then owned, and that he would need additional financing on the larger trailer; Swanson said that he had available a trailer of the general description desired by plaintiff at a price of around $2300 and Mastrofini fixed the price of his own trailer at "around $800." A short time later Swanson called Mastrofini on the telephone, saying that he had found a prospective purchaser for plaintiff's trailer at a $700 figure, and that if the plaintiff were willing to sell for that amount he would drop his price on the trailer Mastrofini wished to buy to $2,250; the two agreed on the reduced figures and later Swanson sent one, Roberts, from Sanger to Madera, who purchased the Mastrofini trailer and gave him a check for $700. The next day Swanson came to Madera and Mastrofini endorsed the $700 check and delivered it to him; "I gave it to him as a deposit on this trailer, with the understanding that the trailer would be as he explained it to me, and he would do the financing on it"; Swanson agreed to mail Mastrofini a receipt for the deposit. At the same meeting Swanson stated to Mastrofini that he planned to acquire the trailer which Mastrofini desired to buy through the sale of a new van to the owner of the trailer which Mastrofini wished to secure, but that Swanson could not take the trailer on trade "until he had sold it to me; he would have to have the deal made with me before he took it in from the other party, Mr. Remy."

At that time Mastrofini had not seen the trailer which he proposed to buy, but later he went to Fresno, saw the vehicle and expressed satisfaction with it. However, Swanson then told him that he could not finance the purchase and suggested that Mastrofini attempt to make arrangements with the First

National Bank of Madera for financing. The bank refused to finance the purchase, so he called Swanson, told him he hadn't been able to finance the deal and asked for the return of the $700 deposit; "at that time Mr. Swanson told me he didn't have my deposit, and he didn't have a thing to do with it, and couldn't return it, couldn't do a thing for me."

The respondent further testified on cross-examination as follows:

"Q. . . . and when you gave this check to Mr. Swanson you told him that this was a deposit on a trailer you were buying from him? A. Yes.

"Q. And did you also state that you wanted the deal financed? A. Yes."

The witness positively denied that he ever asked Swanson to give the check to Remy.

Mastrofini further testified that Swanson told him that he was selling Remy a van; that Remy owned the trailer, "and he couldn't take this trailer in from Mr. Remy until he could sell it to me" or to someone else. The respondent denied that he ever contracted to purchase the trailer from Remy or that he had "dealings with Mr. Remy in regard to the purchase of any equipment," or that "he ever contemplated purchasing any equipment directly from Mr. Remy." Mastrofini reiterated that the $700 was delivered "as a deposit with Mr. Swanson . . . on this trailer," the trailer Swanson "was taking in from Mr. Remy."

The record shows that Swanson did sell a new van to Remy, and that in connection with that sale Swanson gave Remy credit for the $700. If, as testified by Mastrofini, the $700 was deposited with Swanson for the purchase by plaintiff from defendant of the trailer, the transaction by which Swanson credited the $700 to Remy would not be binding upon Mastrofini.

There is, thus, substantial evidence supporting the judgment of the trial court to the effect that plaintiff contracted directly with defendant for the sale of the trailer by defendant to plaintiff; it is, therefore, needless to review the record further.

■ The common count for money had and received is a correct form of pleading in cases such as this where one person has in his possession money which belongs to, or ought to be paid over to another. (*Philpott* v. *Superior*

*Court,* 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990]; 5 Cal. Jur.2d, 556, 559.)

Inasmuch as the judgment is supported by substantial evidence, even though such evidence conflicts with testimony adduced by the appellant, the judgment must be, and it is, affirmed.

Shepard, P. J., and De Wolf, J., concurred.